FILED

18 OCT 29 PM 12:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-27166-5 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

HAZEN SHOPBELL, TIA ANDERSON,
ANTHONY PAUL, NICOLE PAUL,

Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT OF
FISH AND WILDLIFE; WENDY WILLETTE,
individually and in her official capacity acting
under the color of state law; ANTHONY
JAROS, individually and in his official capacity
acting under the color of state law; SHAWNN
VINCENT, individually and in his official
capacity acting under the color of state law;
JENNIFER MAURSTAD, individually and in
her official capacity acting under the color of
state law; CHRISTOPHER CLEMENSTON,
individually and in his official capacity acting
under the color of state law; ALAN MYERS,
individually and in his official capacity acting
under the color of state law; CARLY PETERS,
individually and in her official capacity acting
under the color of state law; NATALIE HALE,
individually and in her official capacity acting
under the color of state law; MIKE CENCI,
individually and in his official capacity acting
under the color of state law; JIM UNSWORTH,
individually and in his official capacity acting
under the color of state law; KELLY
SUSEWIND, individually and in his official
capacity acting under the color of state law;
PAUL GOLDEN, individually and in his
official capacity acting under the color of state
law; ERIK OLSEN, individually and in his
official capacity acting under the color of state
law; DONALD ROTHAUS, individually and in

NO.

**COMPLAINT**

COMPLAINT - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

his official capacity acting under the color of state law and JOHN DOES 1-20, individually and in their official capacities acting under the color of state law,

Defendants.

## I.       STATEMENT OF THE CASE

1.       This is a civil action seeking monetary damages against Defendants for committing acts, each individually and alone and together and in concert, under color of state law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation with the intent to deny Plaintiffs the protection of the Constitution and laws; and for refusing or failing to prevent such deprivations

2.       Defendants have levied a full-fledged assault against Plaintiffs under the guise of a "criminal investigation," when in fact Defendants' intent was, and remains, to attack Indian Treaty fishing and destroy intra-tribal and inter-tribal Treaty fish distribution and commerce.

3.       Before 2015, Puget Sound Indian Treaty Indian fisherpersons had little other option but to sell salmon and crab to non-Indian wholesale fish buyers, which kept the per-pound prices of those foods depressed.  In 2015, Plaintiffs Anthony Paul and Hazen Shopbell and their company Puget Sound Seafoods Distributors, LLC ("PSSD") took non-Indian middlemen out of the stream of Treaty Indian fishing commerce and, true to the tribal adage that "rising tides lifts all canoes," helped increase the prices of salmon and crab obtained by Indian fisherpersons.  In turn, the prices paid by non-Indian wholesale fish buyers decreased, as did those wholesalers' shares of the Puget Sound Indian Treaty fish market-by millions of dollars in the aggregate.

4.       Aligned with non-Indian commercial fishing interests that still disagree with the outcome in *U.S. v. Washington*, 384 F. Supp. 312 (W.D. Wash. 1974), Defendants immediately reacted by seeking to extinguish Plaintiffs and, by extension, to impair Puget Sound Indian

COMPLAINT - 2

Treaty fisherpersons.  By September 2015, Defendants asked: "Why is PSSD selling crab to other wholesalers while monopolizing the Tulalip crab fishery? Why has PSSD taken all business from other established [non-tribal] Tulalip buyers?"

5.    Aided and abetted by at least one of PSSD's non-Indian competitors, whose identity Defendants protected as a "confidential informant," Defendants commenced to concoct an elaborate and ever-expanding "criminal investigation" scheme in order to eradicate what Defendants admittedly saw as "the apparent monopoly that Puget Sound Seafood Dist. LLC was attempting to create."  Over the past two years in particular, Defendants' scheme against Plaintiffs and Indian Treaty rights has reached epic and unbelievable proportion, including:

a.    Forum shopping to **five courts** for issuance of at least **thirty-two search warrants** against Plaintiffs and their family members, bankers, accountants, and tax preparers;

b.    The admitted false arrests of Plaintiffs Anthony Paul and Hazen Shopbell;

c.    The search of Plaintiffs' persons on the day of a lucrative crab fishing opener, and of Plaintiffs' homes in the presence of their young children;

d.    A referral to Washington State Child Protective Services based on knowingly false information that Plaintiffs' children were in danger;

e.    The destruction, and loss, of Plaintiffs' personal belongings, which is corroborated by Defendant Wendy Willette's commingling of Plaintiffs' seized computer hard-drive with methamphetamine "crystals" and "powder" that Defendants had seized as drug evidence in a case unrelated to Plaintiffs; and

f.    The referral of purported state criminal charges to **five state prosecuting attorney offices** and the filing of two sets of charges, one of which resulted in a prosecutorial dismissal that Defendants claim was "politically motivated" and obtained because "the

COMPLAINT - 3

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

Tulalip Tribe paid . . . the Pierce County Prosecuting Attorney's Office, or funds them in some way."

6.      In astonishing ways, Defendants have perpetuated their criminal investigation scheme over the last three years, manifesting racial animus towards Plaintiffs by falsely arresting and imprisoning them; invading their homes and scaring their children; putting their nascent company out of business; maliciously causing them to be criminally prosecuted and investigated by various other agencies; retaliating against and otherwise tormenting them for exercising legal rights; and otherwise violating their civil rights and Treaty rights.

## II.      PARTIES

**A.      Plaintiffs.**

7.      Plaintiff ANTHONY PAUL is an enrolled member of the Tulalip Tribes and resident of Washington State. Plaintiff is a Tulalip Treaty fisherperson and a member of PSSD, which has its principal place of business on the Tulalip Reservation and was licensed and regulated by the Tulalip Tribes to do business there.

8.      Plaintiff NICOLE PAUL is the spouse of ANTHONY PAUL and a resident of Washington State.

9.      Plaintiff HAZEN SHOPBELL is an enrolled member of the Tulalip Tribes and resident of Washington State. Plaintiff is a Tulalip Treaty fisherperson and a member of PSSD.

10.      Plaintiff TIA ANDERSON is an enrolled member of the Lummi Nation, the spouse of HAZEN SHOPBELL, and resident of Washington State.

**B.      Defendants.**

11,      Defendant WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE ("DFW") is a governmental entity of the State of Washington.

COMPLAINT - 4

1    12.    Defendant Wendy Willette is a resident of the State of Washington and an

2    employee of DFW.  Defendant Willette works as a DFW law enforcement detective.

3    13.    Defendant ANTHONY JAROS is a resident of the State of Washington and an

4    employee of DFW.  Defendant Jaros works as a DFW law enforcement officer.

5    14.    Defendant SHAWNN VINCENT is a resident of the State of Washington and an

6    employee of DFW.  Defendant Vincent works as a DFW law enforcement officer.

7    15.    Defendant JENNIFER MAURSTAD is a resident of the State of Washington and

8    an employee of DFW.  Defendant Maurstad works as a DFW law enforcement sergeant.

9    16.    Defendant CHRISTOPHER CLEMENSTON is a resident of the State of

10   Washington and an employee of DFW.   Defendant Clemenston works as a DFW law

11   enforcement detective.

12   17.    Defendant ALAN MYERS is a resident of the State of Washington and an

13   employee of DFW.  Defendant Myers works as a DFW law enforcement captain.

14   18.    Defendant CARLY PETERS is a resident of the State of Washington and an

15   employee of DFW.  Defendant Peters works as a DFW law enforcement officer.

16   19.    Defendant NATALIE HALE is a resident of the State of Washington and an

17   employee of DFW.  Defendant Hale works as a DFW law enforcement officer.

18   20.    Defendant MIKE CENCI is a resident of the State of Washington and employee

19   of DFW.  Defendant Cenci works as DFW Deputy Chief of Westside Operations

20   21.    Defendant JIM UNSWORTH is a resident of the State of Washington and former

21   employee of DFW.  At all times relevant herein, Defendant Unsworth worked as the Director of

22   DFW.

23   22.    Defendant KELLY SUSEWIND is a resident of the State of Washington and

24   former employee of DFW. Defendant Susewind is the current Director of DFW.

25

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

23. Defendant PAUL GOLDEN is a resident of the State of Washington and employee of DFW. Defendant Golden works as a DFW law enforcement captain.

24. Defendant ERIK OLSEN is a resident of the State of Washington and former employee of DFW.  Defendant Olsen works as a DFW law enforcement officer.

25. Defendant DONALD ROTHAUS is a resident of the State of Washington and employee of DFW.  Defendant Rothaus works as a DFW biologist.

26. Defendants JOHN DOES 1 - 16 (hereinafter "Defendants Doe") are employees, and/or agents of DFW.  Each Defendant Doe was within the scope of his/her employment at all times relevant hereto.  It is believed most, if not all, of the Defendants Doe are residents of Washington.   Defendants Doe' acts and omissions include the wrongful arrest and imprisonment of Plaintiffs Anthony Paul and Hazen Shopbell; illegal searches of Plaintiffs' homes, unlawful seizure of Plaintiffs' property; vindictive actions against Plaintiffs in the courts and through administrative agencies; the destruction or loss of Plaintiffs' property without due process of the law; preventing Plaintiffs from exercising their Treaty-protected fishing rights; and failure to adequately and property train and supervise the individually-named Defendants. Their identities are unknown at this time and will be named as discovery progresses.

27. Plaintiffs are informed and believe, and thus allege, that each of the above-named Defendants are responsible for the pattern and practice of events herein alleged, or are necessary parties for obtaining appropriate relief.  In performing each of the acts alleged herein and below, each Defendant acted jointly or individually as agents for each other and for all other Defendants.  The injuries and damages inflicted upon Plaintiffs were caused by the acts and omissions of Defendants.

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1

### III.    JURISDICTION AND VENUE

2      28.    A substantial portion of the acts and omissions giving rise to this lawsuit occurred

3  in King County, Washington.

4      29.    Venue is proper in this Court pursuant to Wash. Rev. Code § 4.12.020.

5            ### IV.    STATUTORY COMPLIANCE

6      30.    On April 10, 2017, Plaintiffs each filed an administrative claim for damages with

7  the State of Washington, satisfying the prerequisites to the maintenance of this action per Wash.

8  Rev. Code § 4.92.100.   More than thirty days have elapsed since Plaintiffs presented those

9  claims with notice of intention to sue and Defendants have failed, refused or neglected to pay

10 them.

11           ### V.    STATEMENT OF FACTS

12     31.    Since at least 2015, DFW officers and agents have profiled and harassed Plaintiffs

13 Anthony Paul and Hazen Shopbell, who are both Tulalip Tribal enrolled members and Tribal

14 fisherpersons, for racial and ethnic reasons.   DFW officers and agents have done so under the

15 guise of a "criminal investigation" that has known no lawful or ethical bounds.   DFW officers

16 and agents have acted to prevent Plaintiffs Anthony Paul and Hazen Shopbell from exercising

17 their Treaty-protected fishing rights; taken retaliatory actions against them and their wives and

18 families for challenging DFW's unlawful conduct through the courts; and denied Plaintiffs

19 rights guaranteed by the United States Constitution and state law.   DFW, along with its officers

20 and agents, have continued to act with racial animus towards Plaintiffs since it commenced its

21 purported criminal investigation of them in 2015.

22     32.    Plaintiffs Anthony Paul and Hazen Shopbell owned and operated PSSD, which

23 has suspended business operations due to Defendants' harassment and actions.   Plaintiffs

24 formed their Tulalip tribal business in 2015 for the primary purpose of buying and distributing

25

COMPLAINT - 7

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

at wholesale, Indian Treaty-harvested seafood products.  Plaintiffs purchased salmon, crab, and other shellfish from their fellow Tulalip fisherpersons and obtained a significant share of the wholesale market at Tulalip and in the Puget Sound.  This frustrated DFW and Plaintiffs' non-Indian competitors, causing DFW to begin investigating Plaintiffs' Treaty-protected fishing activities and their company's successful entrance into the wholesale salmon and crab market.

33.    Initial DFW official reports establish that DFW officers and agents disparaged Plaintiffs Anthony Paul and Hazen Shopbell as a greedy Indian—"Likes money"—and a dumb Indian—"Not so smart"—respectively.  This underscores the racial animus with which Defendants have acted towards Plaintiffs since 2015, as well as reports from former DFW officers that DFW, at the behest of Defendant Mike Cenci in particular, have reapportioned Department law enforcement resources to profile Native American Treaty fisherpersons for enforcement action.

34.    On June 13, 2016, Defendants Jaros, Vincent, Clementson, and Maurstad, lead or directed by Defendant Willette and other DFW officers and agents, orchestrated the unlawful arrests of Plaintiffs Anthony Paul and Hazen Shopbell at the Port of Everett as they prepared to participate in a lucrative Tulalip crab fishery "opener." Defendants Willette, Jaros, Vincent, Clementson, and Maurstad each assaulted Plaintiffs, interrogated them, searched their bodies, seized their cell phones, handcuffed them, and placed them into marked DFW patrol cars for transport to the Marysville Jail.  Defendants committed all of these acts without an arrest warrant or probable cause.  As Defendants were transporting Plaintiffs to the Marysville Jail, Defendant Myers directed Defendants Jaros, Vincent, Clementson, and Maurstad to return Plaintiffs to the Port of Everett and release them from DFW custody. By confessing to a "change in plans" in their own reports, Defendants admitted to the false arrest of Plaintiffs Anthony Paul and Hazen Shopbell.

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

35.     Defendants knowingly perpetrated these warrantless arrests, detentions, and seizures, at least in part, to prevent Plaintiffs Anthony Paul and Hazen Shopbell from exercising their Treaty rights as Tulalip members to participate in a crab opening that began that same day. It is no coincidence that DFW orchestrated the baseless arrests and detentions of Plaintiffs to coincide with the Tulalip crab opener.  In fact, according to a contemptuous DFW briefing document, Defendants Willette, Jaros, Vincent, Clementson, and Maurstad knew full well that June 13, 2016, was the day of that lucrative opener.  Defendant Willette was advised by Tulalip natural resource officer Robert Myers to not conduct their raid on the day of the opener, but Defendants proceeded anyway.  As a result, Plaintiffs were unable to participate in the opener and lost tens of thousands of dollars in seafood sales that day.

36.     Also on June 13, 2016, while Defendants were unlawfully arresting and detaining Plaintiffs Anthony Paul and Hazen Shopbell, DFW officers and agents executed a search warrant on Plaintiffs' homes.  DFW's unlawful search warrants were based on a series of three search warrant affidavits that Defendant Willette prepared in May and June 2016 and which misstated and omitted material facts. Defendant Willette's first three search warrant affidavits, which she submitted to at least three different courts, including the King County Superior Court, were chiefly predicated on false information provided by Jonathan Richardson of Sea Breeze Seafoods, a disgruntled non-Indian competitor of Plaintiffs and personal friend of Defendant Donald Rothaus. The warrants executed on June 13, 2016 were the first three of at least thirty-two warrants that Defendant Willette obtained against Plaintiffs.

37.     Starting in February and March 2016, Mr. Richardson and Defendant Rothaus conspired, by telephone and text message, to concoct a story that Plaintiffs Anthony Paul and Hazen Shopbell underpaid "six or eight" unnamed Tulalip Tribal fisherpersons for crab, in late 2015 and early 2016. Detective Willette failed to properly investigate Mr. Richardson and

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   Defendant Rothaus' lies and instead falsely asserted that Plaintiffs had absconded with as much
2   as $240,000 via underpayment to fellow Tulalip Tribal members and fisherpersons and used
3   those monies to launder other monies through PSSD.  Before alleging those underpayments as
4   an alleged basis for probable cause in each of those first three search warrants, Defendants
5   never inquired about the alleged underpayments with any co-regulatory authorities, particularly
6   the Tulalip Tribes or the Northwest Indian Fish Commission.  After originally seeking to keep
7   Mr. Richardson's identity secret as a "confidential informant," DFW and Detective Willette
8   have since recanted the underpayment and money laundering lies that he, Defendant Rothaus,
9   and Detective Willette told as the alleged basis for probable cause in each of those three search
10  warrants, but has not withdrawn any of those first three warrants as required by law.

11          38.     Defendant Willette's search warrant affidavits also cited PSSD's May 22, 2015,
12  purchase of 442 pounds of Treaty harvested crab, as a primary basis for obtaining the search
13  warrants.  The Tulalip Tribes has determined that PSSD's wholesale purchase of crab from a
14  Tulalip fisherperson was "a legal and agreed transaction."  Since alleging that purchase as a
15  basis for probable cause in each of those three search warrants, Defendants ignored evidence
16  from the Tulalip Tribes establishing that the purchase was legal.

17          39.     Also on June 13, 2016, various Defendants searched Plaintiffs Anthony and
18  Nicole Paul and Hazen Shopbell and Tia Anderson's homes, causing each of their young
19  families a great deal of fear, embarrassment, and emotional distress.  Defendants purposefully
20  conducted those unlawful searches in a very conspicuous and public manner, involving
21  emergency vehicles parked in front of, and numerous law enforcement personnel swarming
22  around, Plaintiffs' respective homes. Defendants rifled through each house, and seized
23  Plaintiffs' personal property of Plaintiffs, including properties not authorized by the search
24  warrant.  DFW officers and agents did all of this in plain sight of Plaintiffs' young children.

25

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

40.     Among the items DFW officers and agents unlawfully seized from Plaintiffs Anthony and Nicole Paul's home on June 13, 2016, was a safe.   Defendants subsequently destroyed that safe and some of its contents by sawing it open. Defendants also unlawfully seized two Apple Macbook Pro laptops from Plaintiffs Anthony and Nicole Paul's home, at which time both laptops were in working condition.   DFW later returned both laptops to Plaintiffs, but in a damaged condition, with one laptop completely inoperable after Defendants removed its operating system to clone its hard-drive.

41.     Defendants copied the hard-drives to Plaintiffs Anthony and Nicole Paul's Apple Macbook Pro laptops.  On September 23, 2016, Detective Willette stored one of those copied hard-drives in a previously used DFW evidence bag—which contained methamphetamine "crystals" and "powder" from a completely unrelated DFW case.   According to Defendant Golden:

> Wendy called me and said we had a 'big big problem' and then told me she was packaging up a PSSD hardrive [sic] copies and heard a grinding noise in the evidence bag.  She opened the bag and found what appeared to be meth loose in the bottom of the bag.  She tested with a NIK kit and showed positive. . . Captain Myers . . . admonished her for testing the drug at the front desk.
>
> Captain Myers called later and told me [sic] had admonished Wendy for testing the drugs at the customer service area.  He had tried to get her to move to the back but she was not listening.
>
> My general impression was that Wendy was exposed to the drug due to the language she used.

In addition to behaving with racial animus towards Plaintiffs, DFW and Defendants have demonstrated a remarkable level of ineptitude in carrying out purported law enforcement duties.

42.     On June 22, 2016, Plaintiff Anthony Paul received a letter from DFW advising of the agency's intent to have forfeited the U.S. currency, lawfully owned firearms, and other personal property located in the safe seized from his residence.  Because DFW lacked legal

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   grounds to seek forfeiture of his personal property, Plaintiff was forced to hire legal counsel to

2   defend against DFW's threatened illegal forfeiture.

3       43.     On July 27, 2016, Plaintiff Anthony Paul filed a Complaint for Writ of Replevin

4   for Return of Property in Thurston County Superior Court to require DFW to return the personal

5   property seized on June 13, 2016.   On August 8, 2016, Plaintiff Hazen Shopbell filed a

6   Complaint for Declaratory Judgment, Injunction, and Other Equitable Relief in Tulalip Tribal

7   Court, also seeking to require DFW to return the personal property seized on June 13, 2016.

8   Realizing it lacked a legal basis to forfeit Plaintiffs' property, DFW voluntarily returned some,

9   but not all, of the personal property illegally seized from Plaintiffs on June 13, 2016.   This

10  infuriated Defendants, Defendant Willette in particular, and caused Defendants to intensify their

11  "investigation" of Plaintiffs.

12      44.     On August 15, 2016, Defendant Willette seized and destroyed approximately

13  1,185 pounds of Treaty-harvested crab bait that PSSD purchased from Tribal fisherpersons and

14  sold to other Tribal fisherpersons as bait for Treaty fishing, all of which occurred within usual

15  and accustomed Treaty fishing areas.   DFW and Defendant Willette destroyed Plaintiffs'

16  property without judicial authorization or notice to Plaintiffs, depriving them of their

17  constitutional right to due process of law. The crab bait was secured in a cold storage facility

18  located in Burlington, Washington.   Because the Treaty-harvested bait was not subject to state

19  regulation, and was not advertised or held for sale as shellfish intended for human consumption,

20  it was not subject to inspection for compliance with state or federal sanitation regulations.

21  Detective Willette was either ignorant of this fact or completely disregarded it in order to

22  illegally seize and destroy Plaintiffs' property without due process of law.

23      45.     Next, Defendant Willette reported Plaintiffs Anthony Paul and Hazen Shopbell to

24  the Washington State Department of Revenue ("DOR"), alleging that PSSD had not filed tax

25

COMPLAINT - 12

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15140
Seattle, WA 98115
(206) 557-7509

1   returns in connection with their Treaty-protected fishing activities.  Plaintiffs' Treaty-protected

2   fishing activities are, however, exempt from taxation under well-established state and federal

3   law—again, a fact that Detective Willette completely disregarded in making false reports to

4   DOR.

5          46.     Most appallingly, Defendant Willette reported Plaintiffs Anthony and Nicole Paul

6   to the Washington State Department of Social and Health Services Child Protective Services

7   ("CPS").  Defendant Willette had falsely informed CPS that Plaintiffs' children were in danger.

8   Defendant Willette's actions and lies caused CPS to visit and inspect Plaintiffs' residence,

9   ostensibly to perform a welfare check of their children.  Fueled by Defendant Willette's lies,

10  CPS case managers invaded Plaintiffs' privacy, and subjected them to numerous demeaning and

11  culturally insensitive comments.  CPS took no action against Plaintiffs because, simply, no

12  reason existed to be concerned for their children's welfare.

13         47.     Underpinning Defendant Willette's CPS referral and her other so-called law

14  enforcement activities regarding Plaintiffs Anthony and Nicole Paul are sworn statements of

15  hers that can only be described as racist.  In one of her many search warrant affidavits presented

16  to the King County Superior Court, Defendant Willette observes that Plaintiffs Anthony and

17  Nicole Paul bought a house for their family on Lake Tapps; enjoy watching the Seahawks and

18  attended their Super Bowl game; and shop at Nordstrom. Det. Willette's "evidence" consists of

19  her observation that Plaintiff Anthony Paul and his son have a "vast collection of Nike Air

20  Jordan shoes" and Plaintiff Nicole Paul wife has "several designer hand bags in her closet, as

21  well as numerous pairs of designer shoes." Det. Willette's statements that, *i.e.*, a Native

22  American family has nice things, underscores her and her co-Defendants' racial animus towards

23  Plaintiffs and Native Americans in general.

24

25

COMPLAINT - 13

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

48.     Plaintiffs Anthony and Nicole Paul and their family were each emotionally and financially distressed, and remain distressed, by Defendant Willette's referral and CPS's visit and baseless investigation, having never previously been reported or investigated for alleged neglect or abuse of their children.  Defendant Willette's actions caused and continue to cause Plaintiffs and their family a great deal of fear, embarrassment, and emotional distress.

49.     On or about December 28, 2016, Plaintiffs learned that DFW and Defendant Willette had obtained at least one new search warrant in November of 2016 from the King County Superior Court.  Subsequent investigation revealed that DFW and Defendant Willette had obtained **twenty-seven search warrants from the King County Superior Court on November 15, 2016 alone**.  Each of those search warrants contained an illegal "gag-order," which stated that the recipient was "prohibited from disclosing the existence of the search warrant to the subjects and/or affiliates of this investigation or any other party."

50.     When Plaintiff Anthony Paul's tax preparer—an Australian citizen who is in America on a visa—innocently responded to Plaintiff's inquiry about the whereabouts of his tax returns, by explaining that DFW seized those papers from his office, Defendant Willette revisited the tax preparer to threaten him with criminal obstruction of justice prosecution and deportation from the country. Defendants' illegal search warrants were a part of Defendants' racially motivated, retaliatory scheme against Plaintiffs.

51.     As a result of DFW's secret warrants, which were directed to Plaintiffs' bankers, accountants, tax preparers and others possessing confidential financial information, financial institutions unilaterally closed certain of Plaintiffs' bank accounts—even Plaintiffs' young children's savings accounts—and credit cards.  The execution of Defendant Willette's illegal search warrants also caused other existing or future business partners to not do business with Plaintiffs or their family members, and otherwise resulted in the loss of business opportunities.

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

Defendant Willette's retaliatory search warrants caused Plaintiffs and their family embarrassment and emotional distress, in addition to economic damage.

52.   Defendant Willette forewent advice from DFW's Assistant Attorneys General as she sought and executed what would total at least thirty-two search warrants against Plaintiffs in 2016 and 2017.  Instead, Defendant Willette went so far as to engage in the unauthorized practice of law.  For example, Defendant Willette herself presented ex-parte motions to seal search warrants pleadings to the King County Superior Court on November 15, 2016, and on March 15, 2017—all without compliance with court rules pertaining to the sealing of public records or pleadings.  DFW and Defendant Willette also failed to provide notice of the presentation of the motion to extend the original Sealing Order without compliance with the rules for sealing public records and pleadings.

53.   At the time of Defendant Willette's March 15, 2017 court appearance, DFW and Defendant Willette knew that on January 18, 2017, Plaintiff Anthony Paul had filed a Petition for Writ of Mandamus to the Washington Supreme Court requesting invalidation of the original Sealing Order and provisions in the search warrants that prohibited recipients from discussing the search warrants, and that on March 10, 2017, had filed a Complaint for Declaratory and Injunctive Relief in the Snohomish County Superior Court challenging the original Sealing Order.  As a result of DFW's and Defendant Willette's actions, neither Plaintiffs, their counsel or the public were allowed to be present for the hearing to extend the original Sealing Order, which continued Plaintiffs' deprivation of their constitutional rights.

54.   Throughout 2017 and into 2018, Defendants Willette and Erik Olsen "shopped" various manufactured criminal charges against Plaintiffs Anthony Paul and Hazen Shopbell to at least five state prosecuting attorney's offices: King County, Snohomish County, Pierce County, Skagit County, and the Washington State Attorney General.  King and Snohomish

COMPLAINT - 15

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

County each declined to bring criminal charges against Plaintiffs despite the request of Defendants Willette and Olsen.

55.    On April 9, 2018, the Pierce County Prosecutor filed a criminal Information against Plaintiff Anthony Paul at Defendant Olsen's request, regarding PSSD's purchase of the 442 pounds of Treaty-harvested Dungeness crab.   Defendants rushed to the media and publicized the criminal prosecution of Plaintiff Anthony Paul in order to embarrass him and his family.   But after realizing that the prosecution of that Treaty-protected activity violated a Memorandum of Understanding ("MOU") between DFW and the Tulalip Tribes, the Pierce County Prosecutor summarily caused the Information to be dismissed by the Pierce County Superior Court.  Defendant Olsen never told Pierce County about DFW's MOU with the Tulalip Tribes. In a remarkable accusation towards both the Pierce County Prosecutor and Superior Court, Defendants Willette and Olsen maintain that the dismissal was "politically   motivated" and obtained because "the Tulalip Tribe paid . . . the Pierce County Prosecuting Attorney's Office, or funds them in some way."

56.    On June 14, 2018, Defendant Willette caused the Skagit County Prosecutor to file a criminal Information against Plaintiffs Anthony Paul and Hazen Shopbell, relative to the approximately 1,185 pounds of Treaty-harvested crab bait that PSSD purchased from within usual and accustomed Treaty fishing areas, and resold within usual and accustomed Treaty fishing areas to Tribal fisherpersons for use as bait in Treaty fishing within usual and accustomed Treaty fishing areas. Defendant Willette has testified to also communicating with federal law enforcement to pursue other criminal charges against Plaintiffs.

57.    The unlawful arrests, searches, seizures, use of sealed search warrants and gag orders, and criminal prosecution referrals, by Defendants Willette and Olsen other DFW officers and agents are part of an ongoing campaign of harassment against Plaintiffs that is

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

ethnically and racially motivated.  In so doing, DFW officers and agents have deprived Plaintiffs, under color of state law, of rights, immunities and privileges guaranteed by both federal and state law.  In the course of a their racially and ethnically-motivated crusade against Plaintiffs, DFW and its agents and officers have committed various and sundry torts upon and against Plaintiffs, causing them economic injury, emotional distress, and bodily injury.

58.     The impropriety of Defendants Willette and Olsen and other Defendants' actions against Plaintiffs are illustrated by the fact that since 2015, DFW officers and agents have requested, obtained and executed **no less than thirty-two** search warrants against Plaintiffs in an effort to justify their "investigation." Defendants Willette and Olsen and other DFW officers and agents have relentlessly and successfully sought to criminally prosecute Plaintiffs Anthony Paul and Hazen Shopbell—such prosecutions arise from racial and ethnic animus and an intent to ruin Plaintiffs for exercising their constitutional rights to challenge DFW's unlawful conduct through the courts and for exercising and defending Treaty-protected fishing rights.

59.     Defendants, particularly Defendants Willette and Olsen, have also breached Tulalip tribal sovereignty.  Before executing a search warrant on Plaintiffs Hazen Shopbell and Tia Anderson's home on the Tulalip Indian Reservation on June 13, 2016, Defendant Willette and other Defendants deliberately refused to notify necessary Tulalip Tribal authorities, particularly the Tulalip Tribes Board of Directors, of their intent to enter the Reservation and search the Shopbell residence. In a search warrant affidavit presented to the King County Superior Court, Defendant Willette declared: "*Due to concerns regarding confidentiality, the Tulalip Tribal Council will not be contacted regarding this matter until after service of the search warrant*" (emphasis in original).  Defendant Willette testified in a related Tulalip Tribal Court lawsuit that she had "confidentiality" concerns because "there were Tribal Council elections going on."  But her explanation is belied by the fact that Tulalip Tribal Council

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

elections occurred three months prior—in March 2016. The complete disregard for Tulalip tribal sovereignty and regulatory authority, as demonstrated by the conduct of Defendant Willette and other Defendants, is further evidence of the ethnic and racial animus that they and DFW have directed towards Plaintiffs.

60.     DFW has defended Defendants, including Defendants Willette and Olsen's, outrageous and illegal actions as proper. DFW supervisors have failed to intervene and stop Defendants Willette and Olsen and other DFW officers' blatant disregard for Plaintiffs' constitutional and Treaty-protected fishing rights.  DFW supervisors have refused to discipline Defendant Willette and Olsen and other DFW officers and agents for their deprivation of Plaintiffs' constitutional rights, acts of racially-motivated retaliation, or even investigate their outrageous misconduct.

## VI.   CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE IMPRISONMENT
### Against Defendants Willette, Jaros, Vincent, Maurstad, and Clementson

61.     Plaintiffs Anthony Paul and Hazen Shopbell hereby incorporate all prior allegations by reference.

62.     Defendants, individually and/or through their agents, violated Plaintiffs' civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely imprisoning them.

63.     As a result of Defendants' violation of Plaintiffs' civil rights, Plaintiffs have sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

**SECOND CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE ARREST**
**Against Defendants Willette, Jaros, Vincent, Maurstad, and Clementson**

64.     Plaintiffs hereby incorporate all prior allegations by reference.

65.     Defendants, individually and/or through their agents, violated Plaintiffs' civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely arresting them.

66.     As a result of Defendants' violation of Plaintiffs' civil rights, Plaintiffs have sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

**THIRD CAUSE OF ACTION – 42 U.S.C. § 1988: CONSPIRACY TO VIOLATE**
**PLAINTIFFS' CIVIL RIGHTS**
**Against All Individually-Named Defendants**

67.     Plaintiffs hereby incorporate all prior allegations by reference.

68.     Defendants, acting in their individual capacities and under color of state law, conspired together and with others, and reached a mutual understanding to engage in a course of conduct and otherwise conspired among and between themselves, to deprive Plaintiffs of their constitutional rights, including their right to be free from unreasonable arrest and seizure, and to due process of law.  Defendants' conspiracies deprived Plaintiffs of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983.

69.     Defendants conspired to commit the overt acts set forth in the factual statements above.  The overt acts included the wrongful arrest and imprisonment of Plaintiffs Anthony Paul and Hazen Shopbell, illegal searches of Plaintiffs' homes, unlawful seizure of Plaintiffs' property, vindictive actions against Plaintiffs in the courts and through administrative agencies, destroying or losing property without due process of the law, and preventing Plaintiffs from

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

exercising their Treaty-protected fishing rights.  It also included the manufacture of knowingly false and unrealizable evidence in order to obtain no less than thirty-two search warrants regarding Plaintiffs.  The conspiracy was designed to prevent and punish Plaintiffs for exercising their Treaty-protected fishing rights and for confronting Defendants' illegal behavior in court.

70.     Defendants' conspiracy resulted in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

71.     Defendants' conspiracy and overt acts were continuing in nature and caused Plaintiffs constitutional deprivations, injuries, pain, suffering, mental anguish, humiliation, and loss of liberty, and income.

72.     Defendants shared the general conspiratorial objective, which was to cause the wrongful arrest and imprisonment of Plaintiffs, illegal searches of their homes, unlawful seizure of their property, vindictive actions against Plaintiffs through the courts and administrative agencies, and destroying or losing property without due process of the law, in order to prevent and punish Plaintiffs for exercising their Treaty-protected fishing rights and in retaliation for legal actions Plaintiffs took in response to DFW's ethically and racially motivated "investigation."

73.     The acts of Defendants were motivated by evil motive and intent, and involved a reckless and callous indifference to the Plaintiffs' federally protected rights.

**FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Against All Defendants**

74.     Plaintiffs hereby incorporate all prior allegations by reference.

75.     Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons.  This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable law.

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

76.     Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act in a careful, lawful, and prudent manner and in full compliance with applicable law.

77.     Emotional distress was a field of danger that Defendants should have reasonably anticipated and guarded against.

78.     At all times relevant herein, DFW was the employer of all individually-named Defendants.  At all times relevant times herein, all individually-named Defendants were acting within the course and scope of their employment.  DFW is liable for the negligence of the individually-named Defendants.

79.     As a direct and proximate result of Defendants conduct, Plaintiffs suffered legally compensable emotional distress damages, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against All Defendants

80.     Plaintiffs hereby incorporate all prior allegations by reference.

81.     Defendants' conduct towards Plaintiffs was extreme and outrageous.  Defendants intentionally caused Plaintiffs emotional distress by: falsely arresting and imprisoning Anthony Paul and Hazen Shopbell; assaulting and battering Anthony Paul and Hazen Shopbell during that false arrest; persecuting Plaintiffs for exercising their Treaty-protected fishing rights; taking retaliatory action against Plaintiffs for challenging DFW's illegal forfeiture and search warrants; destroying or losing Plaintiffs' property without due process of law; and, for causing CPS and DOR to investigate Plaintiffs based on false information provided by Defendants.

82.     At all times relevant herein, DFW was the employer of all individually-named Defendants.  At all times relevant times herein, all individually-named Defendants were acting

COMPLAINT - 21

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

within the course and scope of their employment.  DFW is liable for the negligence of the individually-named Defendants.

83.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered legally compensable emotional distress damages.

### SIXTH CAUSE OF ACTION – NEGLIGENCE
### Against All Defendants

84.     Plaintiffs hereby incorporate all prior allegations by reference.

85.     At all times relevant herein, DFW was the employer of all individually-named Defendants.  At all relevant times herein, all individually-named Defendants were acting within the course and scope of their employment.  DFW is liable for the negligence of the individually-named Defendants.

86.     Defendants, as law enforcement agents of DFW, possessed a duty to act as reasonable law enforcement officers under these circumstances.

87.     Defendants were acting as a law enforcement agents and agents of DFW when they committed the acts detailed in this Complaint.

88.     Defendants breached their duty to act as reasonable law enforcement officers by failing, neglecting and/or refusing to properly and fully discharge their responsibilities.

89.     As a proximate cause of Defendants' breach of their duty to act as reasonable law enforcement officers, Plaintiffs and their family have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulting in general damages for pain and suffering in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION: NEGLIGENT SUPERVISION AND TRAINING
### Against DFW

90.     Plaintiffs hereby incorporate all prior allegations by reference.

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

91.     Defendant DFW was responsible for training and supervising the individually-named Defendants and possessed a duty to adequately train and supervise individually-named Defendants.

92.     Despite the fact that Defendant DFW knew or should have known that the individually-named Defendants were engaged in the unlawful and outrageous conduct alleged herein, Defendant DFW failed to take reasonable actions to prevent the individually-named Defendants from engaging in such conduct.

93.     Defendant DFW acted negligently by failing to adequately and properly train and supervise the individually-named Defendants with respect to the discharge of their responsibilities and duties.

94.     By the actions alleged herein, Defendant DFW breached its duty to adequately and properly train and supervise the individually-named Defendants, and to ensure that these Defendants were not engaging in conduct that posed a risk to and harmed others.

95.     As a direct and proximate cause of Defendant DFW's breach of its duty to adequately and property train and supervise the individually-named Defendants, Plaintiffs and their family have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulting in general damages for pain and suffering in an amount to be proven at trial.

## VII.   JURY DEMAND

Plaintiffs hereby demand a jury of their peers.

## VIII.   PRAYER FOR RELIEF

Damages have been suffered by Plaintiffs and to the extent any state law limitations on such damages are purposed to exist, they are inconsistent with the compensatory, remedial

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  and/or punitive purposes of 42 U.S.C. § 1983, and therefore any such alleged state law

2  limitations must be disregarded in favor of permitting an award of the damages prayed for

3  herein.

4  WHEREFORE, Plaintiffs request a judgment against all Defendants:

5  (a)    An appropriate remedy and award of general, special, and punitive

6  damages, including damages for pain, suffering, terror, loss of consortium, and loss of familial

7  relations, and loss of society and companionship under Washington State law and pursuant to 42

8  U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

9  (b)    Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. §

10  1988, or as otherwise available under the law;

11  (c)    Declaring Defendants jointly and severally liable;

12  (d)    Awarding compensatory damages for Plaintiffs' personal properties that

13  Defendants lost or destroyed;

14  (e)    Awarding any and all applicable interest on the judgment; and

15  (f)    Awarding such other and further relief as the Court deems just and proper.

16  DATED this 29th day of October 2018.

17  GALANDA BROADMAN, PLLC

18  s/Gabriel S. Galanda

19  Gabriel S. Galanda, WSBA #30331
s/Bree R. Black Horse

20  Bree R. Black Horse, WSBA #47803
Attorneys for Plaintiffs

21  P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690

22  Email: gabe@galandabroadman.com
Email: bree@galandabroadman.com

23

24

25

COMPLAINT - 24