The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HAZEN SHOPBELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, et al.,<br><br>Defendants. | NO. 2:18-cv-1758-BJR<br><br>DECLARATION OF WENDY WILLETTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTED: MARCH 22, 2019 |

I, Wendy Willette, hereby declare as follows:

1. I am over the age of 18, competent to testify as to the matters herein and make this declaration based on my personal knowledge.

2. I am employed by the Washington Department of Fish and Wildlife (WDFW) Law Enforcement Program, currently assigned to the Statewide Investigative Unit, at the rank of detective. As part of my duties, I investigate large-scale, conspiratorial, and complex crimes that have the greatest impact on fish and wildlife resources, as well as any other crimes outside the specific scope of Title 77 (Washington's Fish and Wildlife code) that may be revealed by those investigations. I am tasked with gathering intelligence, developing tactics and expertise in covert investigative techniques and technology, and providing training and support to WDFW

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Enforcement Officers. I have attended all required WDFW Evidence Training and have reviewed current WDFW Policies and Procedures regarding the handling and control of evidence.

3. As a result of our discovery of illegal activities not directly related to the Plaintiffs in this case, WDFW became interested in other possible illegal activities of Puget Sound Seafood Distributors LLC (PSSD). As a result I began an investigation that included examining discrepancies between the amount of fish purchased by PSSD and the amount accounted for in its required paperwork.

4. After a significant amount of time I spent investigating PSSD, in September 2015, I believed I had sufficient information to begin requesting warrants to address PSSD's financial activity. The focus of my investigation eventually became potential money laundering. Because I believed I had probable cause, I requested warrants relating to Plaintiffs and PSSD in the relevant jurisdictions over the course of the next several months. Those warrants generally applied to subject matters such as bank records, tax records, electronic information, cell phone records, physical searches, and others. Each and every warrant I have obtained in connection with these Plaintiffs or PSSD was supported by probable cause and I neither embellished the facts known to me nor did I ever omit facts I knew to be relevant in order to seek the warrants in any court.

5. Then on March 1, 2016, I spoke with an anonymous wholesale fish dealer who informed me that during 2015, PSSD had been buying crab from tribal fisherman for much lower than the market rate. That anonymous source also informed me there was an "air of intimidation" when Plaintiff Shopbell was present, and Plaintiff Shopbell would try to make tribal fishermen feel bad for not selling their crab to a tribal company (such as PSSD). The wholesale fish dealer told me that PSSD was attempting to monopolize the Tulalip crab market and that the Tulalip Tribe ordered PSSD to reimburse the affected fishermen.

6. As a result of the facts I discovered over the course of my investigation, in May 2016, I prepared for a multi-faceted operation which would result in the simultaneous



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

searches of 2615 East N Street, Tacoma (PSSD office); 3607 197th Avenue Court E, Lake Tapps (Plaintiffs Paul residence); and 8213 21st Avenue NW, Suite B, Tulalip (Plaintiff Shopbell residence). I obtained warrants for that operation in Thurston County Superior Court (TCSC) because I had previously obtained warrants in that court, TCSC has jurisdiction over WDFW matters, and I happened to be in Thurston County on another matter at that time. I obtained the appropriate warrants from TCSC and a true and correct copy of the Affidavit for Search Warrant is attached hereto as Exhibit 1.

7. However, after further consultation with my superiors at WDFW, I was instructed to postpone the execution of those warrants. That delay was not a result of anything to do with the probable cause supporting the warrants and, once again, these warrants were supported by ample probable cause and I neither embellished nor omitted any facts in order to sway the neutral judge in issuing them improperly. Because the warrants I obtained in TCSC had expired, I obtained similar warrants from the King County Superior Court and the Tulalip Tribal Court when we were set to conduct those searches in June 2016. True and correct copies of the Affidavits for Search Warrants are attached hereto as Exhibits 2 and 3.

8. The next month, June 2016, with the approval of my superiors, I directed WDFW officers in a coordinated search of the PSSD office, Plaintiffs Pauls' residence, and Plaintiff Shopbell's residence. Those searches were supported by probable cause and warrants issued by King County Superior Court and the Tulalip Tribal Court (TTC). Although I notified TTC and the Tulalip Tribal Police Department (TTPD) of WDFW's intent to search Plaintiff Shopbell's home (which is on the Tulalip Reservation), at the direction of a Tulalip Tribal Detective, I did not register the warrant and affidavit with the tribal court clerk due to confidentiality concerns.

9. On June 13, 2016, with the assistance of multiple WDFW officers and other agencies, we executed the search warrants on the three individual locations. Each search is described as follows:

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

a. Plaintiffs Pauls' Residence: My team consisted of Sergeant Erik Olson, and Officer Natalie Hale. Also present but not Defendants in this case were Officer Lauren Wendt, Detective Brett Hopkins, Officer Hwa Kim, Officer Cory -Branscomb, Officer Greg Haw, Property Evidence Custodian Greg Dutton, Officer Chris Smith, Officer Warren Becker, and Officer Trent Weidert. We served the search warrant on Plaintiffs Pauls' residence, and gained access to the locked home. Plaintiff Nicole Paul arrived at the home after entry had been gained and stated to WDFW Detective Hopkins, "So this is just about fish?" Detective Hopkins reported that Plaintiff Nicole Paul seemed relieved that the search warrant was only targeting fish. Plaintiff Anthony Paul arrived later and contacted his attorney who in turn contacted me. Pursuant to the warrant, my team and I searched Plaintiffs Pauls' home, and seized some personal property (including paperwork and a safe). We cleared the scene without making any arrests.

b. Plaintiff Shopbell Residence: Defendant WDFW Sergeant Jennifer Maurstad and her team (which consisted of Defendants then-Officer Shawnn Vincent, Officer Tony Jaros, Officer Carly Peters, and) served a warrant on Plaintiff Shopbell's home. Tulalip Housing provided access to the home. Plaintiff Tia Shopbell (aka Anderson) arrived on scene after WDFW had entered the residence. Pursuant to the warrant they had with them, which I obtained based on the probable cause developed through my investigation, WDFW officers searched the home, seized some personal property, and cleared the scene without making any arrests. Defendant Sergeant Jennifer Maurstad and her team also searched a related vehicle that had been seized by TTPD in another location.

c. PSSD Office: WDFW Sergeant Brian Fairbanks and his team (which consisted of Detective Julie Cook, Officer Justin Maschhoff, Officer Greg Haw, Officer Jake Greshock, Officer Tyler Stevenson, Officer Cory Branscomb, and Evidence Technician Terry Ray-Smith, none of whom are defendants in this case) served a search

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

warrant at the building that was thought to be PSSD's office. WDFW officers cut the lock on the gate of the property in order to gain access. At the building, two women (neither of whom is a party in this case) were initially detained, but were later released. Pursuant to the warrant I obtained based on the probable cause developed through my investigation, WDFW Officers searched vehicles that were located on site. Hae Park, owner of "Be Happy Seafoods," not a party hereto, was interviewed as his business currently occupied the location (as opposed to PSSD). Mr. Park stated that Plaintiff Anthony Paul is "unreliable" and that Plaintiff Shopbell is rarely there.

10. Following those particular searches, I continued to obtain search warrants needed in order to review the seized items, and learn more about Plaintiff Anthony Paul's and Plaintiff Shopbell's financial dealings.

11. On June 20, 2016, Property Evidence Custodian Dutton, TTPD officers (none of whom are parties hereto), and I opened the Paul's safe. Inside, we found a firearm, ammunition, 121 unmarked pills (later identified as acetaminophen and hydrocodone – with no prescription), jewelry, paperwork, clothing, and $43,180.37 in cash and coins, which included four potentially counterfeit bills. I also reviewed several SD cards seized from the Paul residence. I determined the images on the cards were of drug trafficking activity in locations where Plaintiff Anthony Paul had a controlling interest.

12. An unexpected result of the searches was that I found a photo message of Plaintiffs Pauls' young son standing in front of what appeared to me, based on my training and experience, to be several marijuana plants. The photograph was captioned: "Thuggin" in a message sent from Plaintiff Anthony Paul's telephone and stored on Plaintiff Hazen Shopbell's telephone.

13. As a result of my observations over the course of my investigation, I contacted the TTPD regarding the health and welfare of the Paul children. My concerns were based on several factors, which included: the condition of the residence, in which I observed unsecured

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

firearms and fireworks on the floor of the living area; Nicole Paul's failure to use seat belts for the kids; and the image of the Paul's son in close proximity to several marijuana plants. TTPD asked me to instead notify State Child Protective Services (CPS). I made that further contact, and I understood that CPS subsequently conducted an investigation of the Paul family. I had no further involvement with CPS or the Paul family regarding that referral.

14. In August 2016, I was continuing my investigation and an interview with former PSSD fish buyer Jamie Torpey led me to Marine View Cold Storage in Burlington, WA in search of illegally harvested and purchased clams. On August 22, 2016, a team of officers and I seized 1,180 pounds of PSSD's illegally harvested and illegally purchased clams from that facility.

15. Then on November 22, 2016, Officer Cook and I contacted Anthony McAleer at Rushmore Tax Services in Marysville and served him with a warrant relevant to my investigation. We directed Mr. McAleer not to disclose the warrant to anyone it named. Mr. McAleer reported to me that he had tax information on Paul's real estate business and personal income, but none for PSSD. Mr. McAleer also told me, in what appeared to be a joking manner, that "Paul would send people after him if he talked." We also discussed the forms that Paul needed to be using as he employed non-tribal workers, and Mr. McAleer stated that failure to complete the proper forms could get Paul in trouble with the Internal Revenue Service, Department of Enterprise Services and Labor and Industries.

16. In April 2017, I continued my investigation and WDFW teams served warrants on Rushmore Tax Services, NW Regional Accounting Services, Inc., and DM Tax and Bookkeeping – parties associated with Paul, his companies and Chickies Smoke Shop. On May 25, 2017, while reviewing records from Pinnacle Capital Home Mortgage, I saw a "gift letter" indicating a transfer of funds for $351,130.96 from Katherine Paul to Anthony Paul.

17. As a result of my investigation, Plaintiffs Anthony Paul and Hazen Shopbell have criminal charges pending against them in Skagit County Superior Court. Those matters are currently set for trial in August 2019.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

18. My investigation, and every aspect of it was based on the facts as I discovered them through my own observations and interviews and the observations and interviews of other WDFW officers and employees as well as reports made to me by other law enforcement personnel and fact witnesses. Each and every warrant I applied for and obtained was based on probable cause and the facts known to me at that time. No part of my investigation was motivated by discrimination, retaliation, or harassment or anything other than fact-finding.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 28 day of February, 2019, at Mill Creek, Washington.

WENDY WILLETTE
Detective
Washington Department of Fish and Wildlife

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

Gabriel S. Galanda
Bree R. Black Horse
Galanda Broadman, PPLC
P.O. Box 15146
Seattle, WA 98115
*Attorneys for Plaintiffs*

DATED this 28th day of February, 2019, at Tumwater, Washington.

*/s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243
Senior Counsel

DECLARATION OF WENDY WILLETTE
IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-1758-BJR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470