**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HAZEN SHOPBELL, et al., | NO. 2:18-cv-1758-BJR |
| Plaintiffs, | REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, et al., | |
| Defendants. | |

## I.     REPLY

Plaintiffs have failed to demonstrate any issues of material fact that preclude this Court from granting qualified immunity to all named Defendants. At the threshold of a § 1983 action in circumstances such as those presented here is the plaintiff's burden of demonstrating the absence of probable cause. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 389 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him"). The existence of probable cause is an absolute defense to any such claim. Since Plaintiffs have failed to demonstrate the absence of

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

probable cause – or any other constitutional violation – their claims against the named Defendants should be dismissed.

In their Response Plaintiffs make five arguments in opposition to Defendants' Motion for Summary Judgment:

- "Defendants Willette And Hale Are Not Entitled To Immunity Based On Their Conduct In Obtaining The Warrants." Plaintiffs' Response in Opposition to Defendants' Motion for Partial Summary Judgment (Dkt. 47) at 21;

- "Defendants Are Not Entitled To Qualified Immunity Related To Their Execution Of The Superior and Tribal Court Warrants." *Id.* at 24;

- "Defendants Are Not Entitled To Summary Judgment Related To The Unlawful Detention Of Plaintiffs Hazen Shopbell And Anthony Paul." *Id.* at 25;

- "Plaintiffs' § 1983 Claims Against Defendants Rothaus, Unsworth, And Susewind Cannot Be Dismissed." *Id.* at 28; and

- "The Court Should Not Dismiss The John Doe Defendants." *Id.* at 30.

However, none of Plaintiffs' arguments sufficiently address the arguments Defendants submitted in support of their claim for qualified immunity and thus this Court should grant Defendants' Motion for Partial Summary Judgment and find that all named Defendants are entitled to dismissal of all Plaintiffs' claims against them. Defendants Reply to each of Plaintiffs' arguments below.

## II.    ARGUMENT

### A.    Defendants Willette and Hale are Entitled to Immunity Based on Their Conduct in Obtaining the Warrants

The Fourth Amendment provides a guarantee against "unreasonable searches and seizures." Search warrants must be based on probable cause. "The warrant clause of the Fourth Amendment requires 'probable cause, supported by Oath or affirmation' to justify the issuance of a search

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

warran." *United States v. Meek*, 366 F.3d 705, 712 (9th Cir. 2004). Specifically, a police officer must establish "by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense, such as fruits of the crime, will be found on the premises sought to be searched at the time the warrant is issued." *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988). In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched. *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 & n. 6 (1978).

Probable cause for a search warrant "means a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances." *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 703 (9th Cir. 2009). And, according to the Supreme Court: "[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' " *Illinois v. Gates*, 462 U.S. 213, 235 (1983), quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969).

"The probable-cause standard is incapable of precise definition or quantification" and is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." *Rodis v. City and County of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009). Furthermore, probable cause is certainly a much lower threshold than the "beyond a reasonable doubt" degree of proof needed to support a conviction. The Ninth Circuit has further said that probable cause does not require "certainty," or a "preponderance of the evidence," or even a prima facie showing, but simply a "fair probability." *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.) (en banc), *cert. denied*, 549 U.S. 1032 (2006).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  Law enforcement officers are allowed to rely on hearsay, such as statements of civilian

2  witnesses or other officers, in making the probable cause determination. "Police may rely on

3  hearsay and other evidence that would not be admissible in a court to determine probable cause."

4  *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006). Officers may additionally "draw on their own

5  experience and specialized training to make inferences from and deductions about the cumulative

6  information available to them that might well elude an untrained person." *Id*. at 1067, quoting

7  *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "As a corollary . . . of the rule that the police

8  may rely on the totality of facts available to them in establishing probable cause, they also may not

9  disregard facts tending to dissipate probable cause." *Ramirez v. City of Buena Park*, 560 F.3d 1012,

10  1023-1024 (9th Cir. 2009). Nevertheless, the "fact that other inferences are possible does not mean

11  that there is a triable issue of fact as to whether there was probable cause." *Hart*, 450 F.3d at 1067.

12  "Law enforcement officers do not have to rule out the possibility of innocent behavior."

13  *Ramirez*, 560 F.3d at 1024.

14  Of course, judicial deception may not be employed by an officer to obtain a search warrant.

15  *Franks v. Delaware*, 438 U.S. 154, 155-156, 170-171 (1978). That said, the burden is high for a

16  plaintiff to establish judicial deception. "To support a § 1983 claim of judicial deception, a plaintiff

17  must show that the defendant deliberately or recklessly made false statements or omissions that

18  were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).

19  The plaintiff's showing of a deliberate falsehood or reckless disregard for the truth must be

20  substantial. *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). "Omissions or

21  misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit

22  which on its face establishes probable cause." *Id*. "The court determines the materiality of alleged

23  false statements or omissions." *KRL*, 384 F.3d at 1117. If false statements are submitted to the

24

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

magistrate, the district court "purges those statements and determines whether what is left justifies issuance of the warrant." *Ewing*, 588 F.3d at 1224. "If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id*.

In reviewing a magistrate's decision to issue a search warrant, the district court's role is somewhat circumscribed. It is not to second-guess the magistrate but rather to ensure the issuing magistrate made a reasonable judgment call. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. at 238. The district court's role, in turn, is to ensure the magistrate issuing the search warrant had a "substantial basis" to conclude probable cause existed. *Id*. at 238-39.

In reviewing the sufficiency of the affidavit supporting the warrant, "after-the-fact scrutiny by courts . . . should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts . . . . A grudging or negative attitude by reviewing courts toward warrants . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Id*. at 236 (citations and internal quotes omitted); *see also Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (decision to issue warrant is reviewed for "clear error").

In challenging the warrants here, Plaintiffs argue that three factors preclude this Court from finding probable cause existed for their issuance and thus also preclude a finding that Defendants

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Willette and Hale are entitled to dismissal of Plaintiffs' claims against them. Dkt. 47 at 22-23. Those three points are summarized as follows:

- Defendant Willette falsely claimed that the Washington Department of Fish and Wildlife (WDFW) possessed jurisdiction to enforce Washington statutes and conduct searches on Tulalip reservation trust land;

- Probable cause to issue the Superior Court and Tribal Court Warrants depended on the illegality of the 444-pound sale of Dungeness crab; and

- Defendant Willette's affidavits also contained false information from an anonymous source and she failed to disclose that he was a Puget Sound Seafood Distributors (PSSD) competitor, his information was uncorroborated, and that he was a first time confidential informant.

*Id.* Even if Plaintiffs' argued points were correct, which they are not, collectively or separately, none is sufficient to defeat probable cause or preclude summary judgment to Defendants Willette and Hale. In other words, even if Plaintiffs' assertions are valid, there remained adequate probable cause to issue the warrants. *Ewing*, 588 F.3d at 1224. "If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id.*

Defendant Willette did not falsely claim that WDFW possessed jurisdiction to enforce Washington statutes and conduct searches on Tulalip reservation trust land. In fact, WDFW has jurisdiction to search property on trust land when allegations of violations of Washington Statutes occur outside the reservation boundaries, especially when Defendants both involved the Tulalip Tribal Police and received a warrant from a Tulalip Tribal Court as occurred here. *Nevada v. Hicks*, 533 U.S. 353, 365-66 (2001); *State v. Clark*, 178 Wn.2d 19 (2013); *See* Declaration of Gabriel S.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

NO. 2:18-cv-1758-BJR

Galanda in Support of Plaintiffs' Response in Opposition to Defendants' Motion for Partial Summary Judgment, Ex. 71 at 1 (Dkt. 48-71) ("I believe that: In Pierce, Snohomish, and Thurston County, Washington during the period between March 27, 2015, and January 8, 2016, the following crimes did occur: . . . .); *see also* Dkts. 44-1 to 44-3; Second Declaration of Wendy Willette in Support of Reply in Support of Defendants' Motion for Partial Summary Judgment (Second Willette Decl.), ¶¶ 2, 7-8. Moreover, the warrants alleged violations of the Tulalip Tribal Code as well as violations of Washington statutes. Dkt. 48-71 at 1. Also, Defendant Willette makes clear in her Affidavit for Search Warrant, that one of the subject properties "is owned by the Tulalip Tribe." *Id.* at 2. Finally, the warrant was issued by the Tulalip Tribal Court (*Id.* at 1), and Plaintiffs make no legal showing that Tulalip Tribal Court lacked jurisdiction as they allege. With or without this information, the warrant was supported by ample probable cause and was properly requested and legally issued.

Probable cause to issue the Superior Court and Tribal Court Warrants did not depend on the illegality of the 444 pound sale of Dungeness crab. The illegal sale of 444 pounds of Dungeness crab was not the only crime (or possible crime), upon which the warrants were based. The Affidavits for Search Warrants themselves demonstrated scores of other possible violations that Defendant Willette uncovered during her investigation. Dkt. 44-1 at 6-7; Dkt. 44-2 at 5-6; Dkt. 44-3 at 5-6. All those other crimes or possible crimes again provided ample probable cause to support requesting and issuing the search warrants the neutral magistrates ultimately did issue, even without the inclusion of the illegal sale of 444 pounds of Dungeness crab.[1]

---

[1] Plaintiffs are misinformed regarding their assertion that the Memorandum of Understanding (MOU) restricts the State from referring charges on a Tulalip Tribal member in Pierce County. This is outlined within the MOU. *See* Second Willette Decl., Ex. 4 at 5. In addition to the MOU not applying (see below), a conviction in tribal court does not preclude the State from filing charges in State court. It is not double jeopardy (*State v. Moses*, 145 Wn.2d 370, 37 P.3d 1216 (2002)). Furthermore, the MOU referenced in the "Dismissal Memo" was not entered into until two years *after* the violation at issue in that case and the MOU was not intended to be retroactive: "This

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   Last, Defendant Willette's affidavits did not contain any false information from an

2   anonymous source and the other factors argued by Plaintiff (*i.e.*, that the anonymous source was "a

3   PSSD competitor, his information was uncorroborated, and that he was a first time confidential

4   informant") could not change the existence of ample probable cause. As Defendant Willette asserts

5   she "made a careful examination of financial records obtained through search warrants" and

6   separately "determined there were underpayments, outside of and prior to any statement made

7   by WDFW's anonymous information source." Second Willette Decl., ¶ 4. Defendant Willette

8   only used the information she gained through that source as a potential reason for the retroactive

9   payments which she uncovered through her own investigation. *Id.* Clearly the search warrants

10  were supported without this additional information.

11      The Ninth Circuit has repeatedly emphasized that the Fourth Amendment does not require

12  inclusion of all exculpatory evidence, and has upheld a warrant in the face of omitted evidence that

13  contradicted statements in the warrant application. *See Beltran v. Santa Clara County*,

14  389 Fed.Appx. 679, 681 (9th Cir. 2010); *Ewing*, 588 F.3d at 1226-27 (concluding that, given the

15  strength of the identification by one witness, omission of a non-identification by another witness

16  "does not cast doubt on probable cause."); *see also U.S. v. Cokley*, 899 F.2d 297, 302 (4th Cir. 1990)

17  (noting that "non-lawyers who normally secure warrants in the heat of a criminal investigation

18

19

20

21

22  ―――――――――――――
    MOU shall be effective for two years after the date of the last signature and can be renewed by mutual agreement."
23  See also Second Declaration of Erik Olson in Support of Reply in Support of Defendants' Motion for Partial
    Summary Judgment at ¶ 3-4. The MOU between the WDFW and the Tulalip Tribe was signed on May 31, 2017.
24  Last, if the participants really believed the sale of 444 pounds of Dungeness crab was legal, they would have no
    need to have back-dated their fish ticket or the check covering that sale. *See* Dkts. 38, 44.

REPLY IN SUPPORT OF DEFENDANTS'                    8
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

should not be burdened with the same duty to assess and disclose information as a prosecutor who possesses a mature knowledge of the case.").

Again, if the reviewing court finds an affidavit included false statements, the proper procedure is for the court to purge those statements and determine whether the remaining statements justify issuance of the warrant. *See Ewing*, 588 F.3d. at 1224. If a court finds that an affidavit excludes material facts, "the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id.* "If probable cause remains after amendment, then no constitutional error has occurred." *Id.* The warrants here were supported by ample probable cause even if the deficiencies argued by Plaintiffs existed in reality, which they do not. Consequently, no constitutional violations occurred and Defendants Willette and Hale are entitled to qualified immunity because any reasonable officer under the circumstances would believe their requests for the warrants, supported by this probable cause, were proper.

**B.      All Defendants are Entitled to Qualified Immunity Related to Their Execution of the Superior and Tribal Court Warrants**

As Defendants previously pointed out and Plaintiffs have failed to rebut, each and every Defendant who was involved in the search of Plaintiffs' respective residences or business or was involved in the detention of either Plaintiffs Hazen Shopbell and Anthony Paul, or both, examined the warrant relative to their involvement and each and every Defendant determined on his or her own that the warrants were supported by probable cause. Dkt. 31, ¶ 3; Dkt. 32, ¶ 3; Dkt. 33, ¶ 3; Dkt. 34, ¶ 3; Dkt. 35, ¶ 4; Dkt. 36, ¶ 3; Dkt. 37, ¶ 2; Dkt. 38, ¶ 3; Dkt. 39, ¶ 3; Dkt. 43, ¶ 4; Dkt. 44, ¶¶ 4, 7-8, 9.b.-9.c., 18. All of those Defendants had significant training in search warrants and establishing probable cause. Dkt. 31, ¶ 3; Dkt. 32, ¶¶ 2-3; Dkt. 33, ¶¶ 2-3;

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Dkt. 34, ¶¶ 2-3; Dkt. 35, ¶¶ 2-3; Dkt. 36, ¶¶ 2-3; Dkt. 37, ¶¶ 2-3; Dkt. 38, ¶¶ 2-3; Dkt. 39, ¶¶ 2-3; Dkt. 43, ¶¶ 2-4; Dkt. 44, ¶ 2.

Even if the other named Defendants had not made their own separate examination and determination of probable cause, in the Ninth Circuit, "line officers" who assist in executing a search warrant are allowed to rely upon the officer who is in charge of obtaining the warrant and executing the search, and are entitled to qualified immunity. *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027-28 (9th Cir. 2002). In other words, officers who take a subordinate role in executing a search warrant are not liable even where a warrant may turn out to be invalid. *Id*.

> Line officers, on the other hand, are required to do much less. They do not have to actually read or even see the warrant; they may accept the word of their superiors that they have a warrant and that it is valid. *Guerra* [*v. Sutton*], 783 F.2d [1371] at 1375 [(9th Cir.1986)]; *Marks*, 102 F.3d at 1029–30. So long as they "ma[k]e inquiry as to the nature and scope of [the] warrant," *Guerra*, 783 F.2d at 1375, their reliance on leaders' representations about it is reasonable. *Id*.; *Marks*, 102 F.3d at 1029–30.

*Id.* at 1028. As outlined in detail above, there is no evidence the warrants were invalid – in fact the evidence shows otherwise – but even if this Court were to determine any of them to be invalid, all the other named Defendants are entitled to qualified immunity.

> We have held that officers are immune from suit "when they reasonably believe that probable cause existed, even though it is subsequently concluded that it did not, because they 'cannot be expected to predict what federal judges frequently have considerable difficulty in deciding and about which they frequently differ among themselves.'"

*Crowe v. County of San Diego*, 608 F.3d 406, 433 (9th Cir. 2010). Again, police officers are entitled to qualified immunity from suit for damages arising out of a Fourth Amendment violation if a reasonable officer with the same facts as the defendant officer could have reasonably believed the arrest was supported by probable cause even if a court later determines it was not. *Bilbrey v. Brown*, 738 F.2d 1462, 1467 (9th Cir. 1984). Notably, too, as Plaintiffs point out, Defendants had "thirty or more warrants" issued by "multiple local courts." Dkt. 47 at

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

8. That means in at least 30 separate instances local neutral magistrates found sufficient probable cause to issue the requested warrants.

Contrary to Plaintiffs assertions, Defendants do deny Plaintiffs' property was destroyed other than their safe. Nevertheless, as common sense dictates, and as federal courts have routinely recognized, searches conducted by law enforcement personnel are, by their very nature, disruptive and may well leave a residence "disheveled" or otherwise disturbed. As the Supreme Court noted, "officers executing search warrants on occasion must damage property in order to perform their duty." *Dalia v. United States*, 441 U.S. 238, 258, 99 S. Ct. 1682, 60 L. Ed. 2d 177 (1979); *see also United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991) (use of jackhammer on concrete not unreasonable destruction of property during execution of search warrant). And "only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Liston v. County of Riverside*, 120 F.3d 965, 979 (9th Cir.1997); *see also United States v. Becker*, 929 F.2d 442, 446 (9th Cir.1991).

Plaintiffs deceptively argue that several of their electronic devices were "illegally seized and destroyed," when, in fact, all but one of those devices were returned to Plaintiffs. See Dkts. 48-25, 48-26. According to the Plaintiffs in their declarations, even though they were returned, not a single one of those devices were still operable. *Id.* Importantly, Plaintiffs created those declarations in support of Plaintiffs seeking replevin and return of the very property they claim was damaged here. *See* Dkts. 48-25, 48-26, 48-65. Plaintiffs then settled those property claims with the State of Washington and WDFW. Dkt. 48-66.

Again, search warrants typically do not specify the manner in which they are to be executed by officers; rather, "it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NO. 2:18-cv-1758-BJR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

warrant." *Dalia*, 441 U.S. at 257. As the Supreme Court has recognized, officers executing a search warrant occasionally "must damage property in order to perform their duty." *Id.* at 258; *see also Hill v. McIntyre*, 884 F.2d 271, 278 (6th Cir. 1989) ("[O]fficers executing search warrants must often damage property in order to perform their duty.") (internal quotations omitted). As with other areas of Fourth Amendment law, the standard for whether officers have violated the Fourth Amendment by damaging property during the execution of a search warrant is reasonableness. *United States v. Ramirez*, 523 U.S. 65, 71 (1998). Officers act unreasonably if the damage to the defendant's property was excessive or unnecessary to accomplish the purposes of the search. *Id.*

Here, the search warrants allowed for the seizure of any computer equipment. Dkts. 48-7 at 4; 48-13 at 4; 48-71 at 21. That some of the computer equipment is alleged by Plaintiffs to have become inoperable upon return to Plaintiffs does not constitute an *unreasonable* destruction of property as contemplated by the Supreme Court or the Ninth Circuit in prior Fourth Amendment cases. Even if this Court believed the inoperability of that equipment were unreasonable, Plaintiffs have not demonstrated which of the named Defendants made the electronic equipment that way. Perhaps most importantly, Plaintiffs have not demonstrated that the law was clearly established at the time of these actions that if an electronic device becomes inoperable after the time of seizure pursuant to a valid warrant, every officer involved in the execution of that warrant has violated a subject's Fourth Amendment rights and is constitutionally liable. The named defendants are entitled to qualified immunity.

Plaintiffs also claim destruction of clam bait from the Marine View Cold Storage in Burlington, WA. Dkt. 47 at 25. However, because Plaintiffs did not possess valid licenses, their clams were subject to seizure under RCW Title 77. See Dkt. 48-34. Pursuant to RCW 77.15.085,

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

such shellfish are subject to seizure without warrant: "Fish and wildlife officers and ex officio fish and wildlife officers may seize without a warrant wildlife, fish, shellfish, and covered animal species parts and products they have probable cause to believe have been taken, transported, or possessed in violation of this title or rule of the commission or director." That shellfish is then forfeited to the State. RCW 77.15.100. There was no constitutional violation for this seizure and thus it lends nothing to Plaintiffs' claims against the Defendants. All Defendants are, at a minimum, entitled to qualified immunity and Plaintiffs' claims against them should be dismissed.

## C.    Defendants are Entitled to Summary Judgment Related to the Lawful Detention of Plaintiffs Hazen Shopbell and Anthony Paul

Plaintiffs have alleged no new facts relating to their detention in response to Defendants' Motion for Partial Summary Judgment. Similarly, Plaintiffs have offered no facts that establish Defendants did not have probable cause to arrest them or reasonable suspicion to detain them. Consequently, the named Defendants who participated in those interactions with Plaintiffs are entitled to qualified immunity.

"Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972). Therefore, the evidentiary standard for probable cause is significantly lower than the standard that is required for conviction. *See Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979) ("We have made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest.") (citations omitted). Probable cause exists if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964) (citations omitted).

As Defendants demonstrated in their opening memorandum in support of their motion for partial summary judgment – and Plaintiffs have failed to rebut – even if Plaintiffs *were* arrested as they allege, those arrests were supported by probable cause. Dkt. 30 at 17-22. As the Supreme Court has observed, "it should first be determined whether the actions [the plaintiff] alleges [the actions defendant] took are actions that a reasonable officer could, have believed lawful. If they are, [the defendant] is entitled to dismissal prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *accord Saucier v. Katz*, 533 U.S. 194, 207 (2001). Plaintiffs were properly detained or arrested and Defendants are entitled to qualified immunity.

**D.      Plaintiffs' § 1983 Claims Against Defendants Rothaus, Unsworth, and Susewind Must be Dismissed**

Plaintiffs have did not demonstrate any personal participation by Defendants Rothaus, Unsworth, and Susewind, in their Response and therefore Plaintiffs' claims against these three named Defendants must be dismissed. None of Plaintiffs' citations to any of their exhibits demonstrates that "DFW eventually recanted all the facts fabricated by Defendant Rothaus. . . ." Dkt. 47 at 29. In fact, as Defendants have previously pointed out, and have clarified again, Defendant Rothaus had no participation in the alleged constitutional deprivations of Plaintiffs. Second Declaration of Donald Rothaus in Support of Reply in Support of Defendants' Motion for Partial Summary Judgment. Defendant Rothaus had no participatory role in the investigation, the requests for warrants, execution of the warrants, or the detention of any Plaintiffs. Defendant Rothaus is not a friend of the anonymous source and made no attempt to verify the source's information since he is not an enforcement officer. *Id.* The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

acts or omissions are alleged to have caused a constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362, 370-71 and 375-77 (1976). Without any participation at all, Defendant Rothaus should be dismissed.

Similarly, Defendants Susewind and Unsworth should also be dismissed because Plaintiffs have failed to specifically tie either of those Defendants to their alleged constitutional deprivations.

> The absence of specifics is significant because, to establish individual liability under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. Even under a "deliberate indifference" theory of individual liability, the Plaintiffs must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. *Starr*, 652 F.3d at 1206–07. In short, Plaintiffs' "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. *See Iqbal*, 129 S.Ct. at 1950–53; cf. *Starr*, 652 F.3d at 1216–17.

*Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Plaintiffs here have also failed to allege any specific tie that either of these named Defendants has to anything related to Plaintiffs. Bald and conclusory allegations of "failure to train" or adequately supervise are insufficient. *Id.* Defendants Susewind and Unsworth must be dismissed.

## E.    The Court Should Dismiss the Doe Defendants

Plaintiffs allege "[d]iscovery will lead to the identification of the John Doe Defendants. . . ." The investigation against Plaintiffs has continued for nearly four years. Yet, even after all that time, Plaintiffs here cannot allege any specific acts that denied them of any specific constitutional rights for which they have not yet identified the actor. That is, Plaintiffs have not provided this Court allegations that some yet-to-be-identified individual, arrested them without probable cause on a certain date. Clearly from the volumes of information Plaintiffs supplied this Court in their thinly-veiled attempt to create a question of material fact, Plaintiffs have the information they would need to identify a specific constitutional deprivation committed

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

by a person whose name they are yet to determine despite their efforts. The Doe Defendants should be dismissed.

DATED this 4th day of April, 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243
Senior Counsel
Attorneys for Defendants

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## <u>DECLARATION OF SERVICE</u>

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

Gabriel S. Galanda
Bree R. Black Horse
Galanda Broadman, PPLC
P.O. Box 15146
Seattle, WA 98115
*Attorneys for Plaintiffs*

DATED this 4th day of April, 2019, at Tumwater, Washington.

/s/ *Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243
Senior Counsel

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

NO. 2:18-cv-1758-BJR

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470