The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| HAZEN SHOPBELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, et al.,<br><br>Defendants. | NO. 2:18-cv-1758-BJR<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS AND RULE 56(D) MOTION TO DENY OR CONTINUE DEFENDANTS' PARTIAL SUMMARY JUDGMENT MOTION |

## I. INTRODUCTION

In addition to submitting a 30 page Response to the named Defendants' Motion for Partial Summary Judgment on the issue of qualified immunity, of which Plaintiffs devote 20 pages to reciting their version of "facts," Plaintiffs also submit a request that this Court stay consideration of Defendants' Motion on qualified immunity and all further proceedings. However, as the pleadings submitted by the Parties demonstrate, no further discovery is warranted to address the fact that Plaintiffs sustained no constitutional injury through any of the Defendants' actions and probable cause existed. Plaintiffs' stay request is also unsupported as a matter of law and should therefore be denied.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## II. RESPONSE

Where a public official's actions are protected by qualified immunity, the defendant official is entitled to dismissal *before* commencement of discovery. *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987). The Supreme Court established the doctrine of qualified immunity to balance the need to protect the constitutional rights of individual citizens against the substantial social costs of unwarranted complaints resulting from the discretionary acts of officials. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807, 814 (1982); *Anderson*, 483 U.S. at 638 (internal citations omitted). Through those and many other cases, the Supreme Court has made clear that qualified immunity requires a court to avoid allowing insubstantial suits against public officials to trial by dismissing the case at the earliest stage of litigation. *See e.g. Harlow v. Fitzgerald*, 457 U.S. 800, 808 (1982). Discovery should begin only after (and if) the court has determined the official's actions are not protected by qualified immunity. *Anderson*, 483 U.S. at 646.

Plaintiffs' Federal Rules of Civil Procedure 56(d) request that this Court stay its consideration of Defendants' Summary Judgment on the issue of qualified immunity wholly ignores the Supreme Court's repeated mandates that a trial court should make its ruling on qualified immunity at the earliest stage of litigation. *See Saucier v. Katz*, 533 U.S. 194 200 (2001) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)); *Mitchel v. Forsyth*, 472 U.S. 511, 526 (1985). Moreover, Plaintiffs' request ignores the *Anderson* and *Mitchel* courts' directives that the trial courts should consider the issue of qualified immunity before discovery even commences and that discovery commences only after the court determines qualified immunity does not protect the defendant official's actions.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

There is no constitutional right to the stay of a civil action where one or more of the parties also face a parallel criminal proceeding. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution."). Indeed, denial of such a stay "is the rule, rather than the exception, whenever criminal and civil cases are pursued simultaneously" (*IBM Corp. v. Brown*, 857 F. Supp. 1384, 1387 (C.D. Cal. 1994)) because "the complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an extraordinary remedy" (*Alcala v. Tex. Webb County*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009) (internal quotation marks omitted)). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C.Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *see also Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Because there is an absence of a constitutional right to the stay, when a party to parallel proceedings nonetheless moves to stay civil proceedings pending against him or her, a stay is unwarranted unless he or she "make[s] out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The party requesting a stay bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The factors the trial court can consider are case-dependent but may include:

> the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*Molinaro*, 889 F.2d at 903. Again, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 326 (9th Cir. 1995). In fact, "it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id.*

First, Plaintiffs' request for a continuance to conduct discovery under Rule 56(d) is undercut by their arguments in their Response and their corresponding submission of evidence that they argue demonstrate issues of material fact. In fact, in their Response, Plaintiffs submitted previously-filed declarations in which they testified, among other things related to the facts relevant in this case, about the very detention and searches at issue in this case. *See* Dkts. 48-2; 48-8; 48-20 to 48-23; 48-25; 48-26; and 48-32. Plaintiffs cannot credibly argue they have provided evidence to this Court that establishes genuine issues of material fact on the one hand (Dkt. 47) and claim the inability to respond under Rule 56(d) on the other (Dkt. 49). Compare this current Motion with Plaintiffs' Response, *e.g.*, Dkt. 47 at 24 ("Plaintiffs have made a substantial showing. . . ."); at 25 ("This is another issue of material fact. . . ."); at 27 ("Plaintiffs have demonstrated facts. . . ."); at 29 (Plaintiffs have alleged facts that, when taken as true on summary judgment, show that. . . ."). Plaintiffs themselves have demonstrated there is no basis for a Rule 56(d) continuance.

Second, Plaintiffs have failed to meet their burden in justifying a continuance for further discovery under Rule 56(d). In the context of a qualified immunity motion, the Ninth Circuit has held that a "party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

summary judgment."[1] *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Additionally, Plaintiffs' Rule 56(d) request must be viewed in light of the Supreme Court's repeated command that qualified immunity must be decided prior to discovery. Thus, courts must strictly apply the high burden placed on parties seeking a Rule 56(d) continuance in qualified immunity cases. *See Harbert International, Inc. v. James,* 157 F.3d 1271, 1280 (11th Cir. 1998) ("In qualified immunity cases, the Rule 56(f) balancing is done with a thumb on the side of the scale weighing against discovery."); *see also Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988) (holding that Rule 56(f) discretion more limited in context of qualified immunity motion to avoid subverting goals of *Harlow* and progeny). Plaintiffs fail to satisfy this heavy burden here.

Plaintiffs attempt to make much of the fact that the Pierce County Prosecuting Attorney dismissed claims against three individuals who are not parties to this lawsuit (*see* Dkt. 48-6) in order to support Plaintiffs' Motion to Stay and in Opposition to Defendants' Motion for Partial Summary Judgment. As previously explained, that dismissal does not advance Plaintiffs' claims for reasons in addition to the fact that it involved individuals other than the Plaintiffs themselves. Notably, too, as that document demonstrates, "The Hatches [two of the three charged individuals and not parties hereto] later pled as part of a plea bargain which resolved the case." Dkt. 48-6 at 1. And the dismissal was based on an incorrect application of the MOU, on which Pierce County seemed to place substantial weight for their dismissal. As Defendants have pointed out, the MOU does not preclude the State from referring charges on a Tulalip Tribal member in Pierce County. Dkt. 56-1 at 5. And a conviction in tribal court does not preclude the State from filing charges in state court. *State v. Moses*, 145 Wn.2d 370, 37 P.3d 1216 (2002). And, the MOU was

---

[1] "Federal Rule of Civil Procedure 56(d) was previously numbered 56(f), thus some previous case law refers to 56(f)." *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 n.2 (9th Cir. 2014).

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  not entered into until two years after the violation at issue in that case and the MOU was not
2  intended to be retroactive: "This MOU shall be effective for two years after the date of the last
3  signature and can be renewed by mutual agreement." *Id.*; *see also* Dkt. 54 at ¶¶ 3-4. The Plaintiffs
4  have failed to describe to this Court how any additional discovery will change any of those
5  deficiencies in any material way.

6  Plaintiffs argue this case should be stayed (as should Defendants' Motion for Partial
7  Summary Judgment) because ". . . where there is a substantial factual overlap between the
8  criminal and civil proceeding as is here, the criminal proceeding may actually benefit the civil
9  proceeding by producing a result that completely helps resolve the civil liability issues. . . ."
10 Dkt. 49 at 10. However, Defendants' Motion is for partial summary judgment and limited to the
11 dismissal of the named individual Defendants. Defendants' Motion is in no manner dependent
12 on the outcome of the pending criminal cases against the Plaintiffs. This Court is fully capable
13 of independently determining whether probable cause or arguable probable cause existed based
14 on the evidence the parties have already submitted, and this Court need not await the State
15 Superior Courts' determinations on that issue as Plaintiffs seem to suggest. "Probable cause does
16 not require the same type of specific evidence of each element of the offense as would be needed
17 to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149, 92 S. Ct. 1921, 32 L. Ed. 2d
18 612 (1972). Therefore, the evidentiary standard for probable cause is significantly lower than the
19 standard that is required for conviction. *See Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S. Ct.
20 2627, 61 L. Ed. 2d 343 (1979) ("We have made clear that the kinds and degree of proof and the
21 procedural requirements necessary for a conviction are not prerequisites to a valid arrest.").

22 Defendants are entitled to qualified immunity and consideration of that relief must be
23 made at the earliest stage of litigation. *See Saucier*, 533 U.S. at 200; *Mitchel,* 472 U.S. at 526.

24

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

| | |
|---|---|
|1| Subjecting the named Defendants to a protracted delay and to additional discovery,[2] runs |
|2| contrary to the mandates of those Supreme Court decisions and it is clearly prejudicial to the |
|3| named Defendants to have these unsupported claims looming over them personally and |
|4| professionally. As the Supreme Court in *Harlow* further recognized, these claims must be |
|5| addressed at the earliest stage of litigation. Plaintiffs even agreed to this procedure at the outset |
|6| of this case: "The parties agree that the Court should delay discovery (other than initial |
|7| disclosures) until after the Court decides the issue of qualified immunity for all |
|8| individually-named Defendants (including any of the unidentified Doe Defendants). . . ." Dkt. 24 |
|9| at 2. Plaintiffs' Motion to Stay the Proceedings is unsupported and should be denied. |

### III. CONCLUSION

For the foregoing reasons the named Defendants respectfully request that this Court deny Plaintiffs' Motion to Stay Proceedings.

DATED this 11th day of April, 2019.

> ROBERT W. FERGUSON
> Attorney General
>
> */s/ Eric A. Mentzer*
> ERIC A. MENTZER, WSBA #21243
> Senior Counsel
> Attorneys for Defendants

---

[2] Plaintiffs have already taken the deposition of Defendant Wendy Willette (Dkt. 48-3), submitted multiple public records requests, and received initial disclosures.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

Gabriel S. Galanda
Bree R. Black Horse
Galanda Broadman, PPLC
P.O. Box 15146
Seattle, WA 98115
*Attorneys for Plaintiffs*

DATED this 11th day of April, 2019, at Tumwater, Washington.

*/s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243
Senior Counsel

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STAY PROCEEDINGS
NO. 2:18-cv-1758-BJR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470