The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| HAZEN SHOPBELL, TIA ANDERSON, ANTHONY PAUL, NICOLE PAUL, Plaintiffs, v. WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE; WENDY WILLETTE, *et al.*, Defendants. | NO. 2:18-cv-1758 **ORDER GRANTING PLAINTIFFS' MOTION FOR STAY AND DENYING MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56(d)** |
|---|---|

The Court has reviewed Plaintiffs' Motion to Stay Proceedings, requesting (1) a stay of this case pending the outcome of putatively parallel criminal proceedings in Skagit and Pierce Counties; and/or (2) a denial or continuance of Defendants' Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(d), to permit the taking of additional discovery. For the following reasons, the Court hereby GRANTS Plaintiffs' request for a stay of these proceedings, and DENIES Plaintiffs' request for additional time to conduct discovery under Fed. R. Civ. P. 56(d).

A court may stay civil proceedings during the pendency of a parallel criminal case if a party's constitutional rights are implicated, "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted). Here, criminal charges against Plaintiffs Anthony Paul and Hazen Shopbell are not merely threatened; they are apparently proceeding to trial in Pierce and Skagit Counties. Plaintiffs claim

ORDER GRANTING PLAINTIFFS' MOTION
TO STAY - 1

the criminal cases are based upon the same facts and circumstances that have given rise to their claims in this case. They claim they are thus unable to submit sworn declarations necessary to support their civil claims, for fear of implicating and vitiating their Fifth Amendment right against self-incrimination.

Plaintiffs' request for a stay of these proceedings does not raise many of the concerns that generally attend a motion to stay a civil case pending resolution of a parallel criminal case: specifically, prejudice to any party. After all, it is Plaintiffs who are requesting a stay of their own case. While the Court is mindful of Defendants' concerns about the ongoing pendency of a lawsuit against them, that concern, weighed against the constitutional and equitable implications Plaintiffs have invoked, must give way. Therefore, the Court hereby GRANTS Plaintiffs' request for a stay of this litigation pending resolution of the August 2019 criminal trial. This matter is STAYED for 120 days, until September 19, 2019. All discovery, trial, and pretrial dates are continued 120 days as well.

Accordingly, Defendants' Motion for Partial Summary Judgment [Dkt. No. 30] is also hereby STRICKEN with leave to refile upon lifting of the stay. If and when the motion is refiled, the Court will not entertain a second request by Plaintiffs to conduct additional discovery before a ruling on that motion. The very purpose of qualified immunity—the primary basis for Defendants' Motion—is to protect public entities and persons from burdensome discovery on claims that may be frivolous. Moreover, Plaintiffs have failed to demonstrate a need for additional discovery to respond to the motion. They have not only failed to articulate with any meaningful specificity what discovery they would seek if permitted additional time; they have in fact submitted a substantial and fact-intensive Response in Opposition to Defendants' Motion for Partial Summary Judgment. *See* Dkt. No. 47. That Response contains a 20-page recitation of Plaintiffs' version of the facts and is supported by a declaration containing an extraordinary 74 exhibits. Nothing in the Response

1 | indicates Plaintiffs lack access to critical information. Their request to continue consideration of
2 | Defendants' Motion for Summary Judgment in order to conduct additional discovery is DENIED.

DATED this 21st day of May, 2019.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge