1

2

3

4

5                  UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINTON

6                        AT SEATTLE

7    HAZEN SHOPBELL, ANTHONY PAUL,       NO. 2:18-cv-1758-BJR

8    Plaintiffs,

9    v.                               **THIRD AMENDED COMPLAINT**

10    WASHINGTON STATE DEPARTMENT OF
      FISH AND WILDLIFE; WENDY WILLETTE,

11    individually and in her official capacity acting
      under the color of state law; ANTHONY

12    JAROS, individually and in his official capacity
      acting under the color of state law; SHAWNN

13    VINCENT, individually and in his official
      capacity acting under the color of state law;

14    ALAN MYERS, individually and in his official
      capacity acting under the color of state law,

15
      Defendants.
16

17                   **I. STATEMENT OF THE CASE**

18         1.      This is a civil action seeking monetary damages against Defendants for committing

acts, each individually and alone and together and in concert, under color of state law, which

19

deprived Plaintiffs of rights secured under the Constitution and laws of the United States and the

20

State of Washington; for conspiring to cause such deprivation with the intent to deny Plaintiffs the

21

protection of the Constitution and laws; and for refusing or failing to prevent such deprivations.

22

        2.      Defendant DFW, in particular, has levied a full-fledged assault against Plaintiffs

23

under the guise of a "criminal investigation," when in fact DFW's intent was, and remains, to

24

25   THIRD AMENDED COMPLAINT - 1             **Galanda Broadman PLLC**
                                              8606 35th Avenue NE, Ste. L1
                                              Mailing: P.O. Box 15146
                                              Seattle, WA 98115
                                              (206) 557-7509

attack Indian Treaty fishing and destroy intra-tribal and inter-tribal Treaty fish distribution and commerce.

3.    Before 2015, Puget Sound Indian Treaty Indian fisherpersons had little other option but to sell salmon and crab to non-Indian wholesale fish buyers, which kept the per-pound prices of those foods depressed.  In 2015, Plaintiffs Anthony Paul and Hazen Shopbell and their company Puget Sound Seafoods Distributors, LLC ("PSSD") took non-Indian middlemen out of the stream of Treaty Indian fishing commerce and, true to the tribal adage that "rising tides lifts all canoes," helped increase the prices of salmon and crab obtained by Indian fisherpersons.  In turn, the prices paid by non-Indian wholesale fish buyers decreased, as did those wholesalers' shares of the Puget Sound Indian Treaty fish market-by millions of dollars in the aggregate.

4.    Aligned with non-Indian commercial fishing interests that still disagree with the outcome of *United States v. Washington*, 384 F. Supp. 312 (W.D. Wash. 1974), DFW immediately reacted by seeking to extinguish Plaintiffs and, by extension, to impair Puget Sound Indian Treaty fisherpersons.  By September 2015, Defendants asked: "Why is PSSD selling crab to other wholesalers while monopolizing the Tulalip crab fishery? Why has PSSD taken all business from other established [non-tribal] Tulalip buyers?"

5.    Aided and abetted by at least one of PSSD''s non-Indian competitors, whose identity DFW protected as a "confidential informant," DFW commenced to concoct an elaborate and ever-expanding "criminal investigation" scheme in order to eradicate what Defendants admittedly saw as "the apparent monopoly that Puget Sound Seafood Dist. LLC was attempting to create."  Over the past two years in particular, DFW's scheme against Plaintiffs and Indian Treaty rights has reached epic and unbelievable proportion, including:

THIRD AMENDED COMPLAINT - 2

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

a.     Forum shopping to at least **three courts** for issuance of at least **thirty-two search warrants** against Plaintiffs and their family members, bankers, accountants, and tax preparers;

b.     The admitted false arrests of Plaintiffs Anthony Paul and Hazen Shopbell;

c.     The search of Plaintiffs' persons on the day of a lucrative crab fishing opener, and of Plaintiffs' homes in the presence of their young children;

d.     A referral to Washington State Child Protective Services based on knowingly false information that Plaintiffs' children were in danger;

e.     The destruction and loss of Plaintiffs' personal belongings, which is corroborated by Detective Wendy Willette's commingling of Plaintiffs' seized computer hard-drive with methamphetamine "crystals" and "powder" that Defendants had seized as drug evidence in, a case unrelated to Plaintiffs; and,

f.     The referral of purported state criminal charges to four state prosecuting attorney offices and the filing of two sets of charges, one of which resulted in a prosecutorial dismissal that Defendants claim was "politically   motivated" and obtained because "the Tulalip Tribe paid . . . the Pierce County Prosecuting Attorney's Office, or funds them in some way."

6.     In astonishing ways, DFW has perpetuated its criminal investigation scheme over the last three years, manifesting racial animus towards Plaintiffs by falsely arresting and imprisoning them; invading their homes and scaring their children; putting their nascent company out of business; maliciously causing them to be criminally prosecuted and investigated by various other agencies; retaliating against and otherwise tormenting them for exercising legal rights; and otherwise violating their civil and Treaty rights.

THIRD AMENDED COMPLAINT - 3

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## II.  PARTIES

**A.    PLAINTIFFS.**

7.    Plaintiff ANTHONY PAUL is an enrolled member of the Tulalip Tribes and resident of Washington State.  Plaintiff Paul is a Tulalip Treaty fisherperson and a member of PSSD, which has its principal place of business on the Tulalip Reservation and was licensed and regulated by the Tulalip Tribes to do business there.

8.    Plaintiff HAZEN SHOPBELL is an enrolled member of the Tulalip Tribes and resident of Washington State.  Plaintiff Shopbell is a Tulalip Treaty fisherperson and a member of PSSD.

**B.    DEFENDANTS.**

9.    Defendant WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE ("DFW") is a governmental entity of the State of Washington.

10.    Defendant ANTHONY JAROS is a resident of the State of Washington and an employee of DFW.  Defendant Jaros works as a DFW law enforcement officer.

11.    Defendant SHAWNN VINCENT is a resident of the State of Washington and an employee of DFW.  Defendant Vincent works as a DFW law enforcement officer.

12.    Defendant ALAN MYERS is a resident of the State of Washington and an employee of DFW.  Defendant Myers works as a DFW law enforcement captain.

13.    Plaintiffs are informed and believe, and thus allege, that each of the above-named Defendants are responsible for the pattern and practice of events herein alleged, or are necessary parties for obtaining appropriate relief.  In performing each of the acts alleged herein and below, each Defendant acted jointly or individually as agents for each other and for all other Defendants. The injuries and damages inflicted upon Plaintiffs were caused by the acts and omissions of Defendants.

THIRD AMENDED COMPLAINT - 4

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1

### III.   JURISDICTION AND VENUE

2

14.   A substantial portion of the acts and omissions giving rise to this lawsuit occurred

3

in King County, Washington.

4

15.   Venue is proper in this Court pursuant to Wash. Rev. Code § 4.12.020.

5

### IV.   STATUTORY COMPLIANCE

6

16.   On April 10, 2017, Plaintiffs each filed an administrative claim for damages with

7

the State of Washington, satisfying the prerequisites to the maintenance of this action per Wash.

8

Rev. Code § 4.92.100.  More than thirty days have elapsed since Plaintiffs presented those claims

9

with notice of intention to sue and Defendants have failed, refused, or neglected to pay them.

10

### V.   STATEMENT OF FACTS

11

17.   Since at least 2015, DFW officers and agents have profiled and harassed Plaintiffs

12

Anthony Paul and Hazen Shopbell, who are both Tulalip Tribal enrolled members and Tribal

13

fisherpersons, for racial and ethnic reasons.  DFW officers and agents have done so under the guise

14

of a "criminal investigation" that has known no lawful or ethical bounds.  DFW officers and agents

15

have acted to prevent Plaintiffs from exercising their Treaty-protected fishing rights; taken

16

retaliatory actions against them and their wives and families for challenging DFW's unlawful

17

conduct through the courts; and denied Plaintiffs rights guaranteed by the U.S. Constitution and

18

Washington State law.  DFW, along with its officers and agents, have continued to act with racial

19

animus towards Plaintiffs since it commenced its purported criminal investigation of them in 2015.

20

18.   Plaintiffs owned and operated PSSD, which has suspended business operations due

21

to Defendants' harassment and actions.  Plaintiffs formed their Tulalip tribal business in 2015 for

22

the primary purpose of buying and distributing at wholesale, Indian Treaty-harvested seafood

23

products.   Plaintiffs purchased salmon, crab, and other shellfish from their fellow Tulalip

24

fisherpersons and obtained a significant share of the wholesale market at Tulalip and in the Puget

25

THIRD AMENDED COMPLAINT - 5

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   Sound.  This frustrated DFW and Plaintiffs' non-Indian competitors, causing DFW to begin

2   investigating Plaintiffs' Treaty-protected fishing activities and their company's successful

3   entrance into the wholesale salmon and crab market.

4        19.    Initial DFW official reports establish that DFW officers and agents disparaged

5   Plaintiffs as a greedy Indian—"Likes money"—and a dumb Indian—"Not so smart"—

6   respectively. This underscores the racial animus with which Defendants have acted towards

7   Plaintiffs since 2015, as well as reports from former DFW officers that DFW, at the behest of DFW

8   Deputy Chief Mike Cenci in particular, have reapportioned Department law enforcement resources

9   to profile Native American Treaty fisherpersons for enforcement action.

10        20.    On June 13, 2016, Defendants Jaros, Vincent, and Myers, lead or directed by

11   Detective Wendy Willette and other DFW officers and agents, orchestrated the unlawful arrests of

12   Plaintiffs at the Port of Everett as they prepared to participate in a lucrative Tulalip crab fishery

13   "opener."  Defendants Jaros, Vincent, and Myers each assaulted Plaintiffs, interrogated them,

14   searched their bodies, seized their cell phones, handcuffed them, and placed them into marked

15   DFW patrol cars for transport to the Marysville Jail.   Defendants committed all of these acts

16   without an arrest warrant or probable cause.  As Defendants were transporting Plaintiffs to the

17   Marysville Jail, Defendant Myers directed Defendants Jaros and Vincent to return Plaintiffs to the

18   Port of Everett and release them from DFW custody.   By confessing to a "change in plans" in

19   their own reports, Defendants admitted to the false arrest of Plaintiffs.

20        21.    Defendants knowingly perpetrated these warrantless arrests, detentions, and

21   seizures, at least in part, to prevent Plaintiffs from exercising their Treaty rights as Tulalip

22   members to participate in a crab opening that began that same day.  It is no coincidence that DFW

23   orchestrated the baseless arrests and detentions of Plaintiffs to coincide with the Tulalip crab

24   opener.  In fact, according to a contemptuous DFW briefing document, Defendants knew full well

25   THIRD AMENDED COMPLAINT - 6

1    that June 13, 2016, was the day of that lucrative opener.  Detective Willette was advised by Tulalip

2    natural resource officer Robert Myers to not conduct their raid on the day of the opener, but

3    Defendants proceeded anyway.  As a result, Plaintiffs were unable to participate in the opener and

4    lost tens of thousands of dollars in seafood sales that day.

5        22.    Also on June 13, 2016, while Defendants were unlawfully arresting and detaining

6    Plaintiffs, DFW officers and agents executed a search warrant on Plaintiffs' homes.  DFW's

7    unlawful search warrants were based on a series of three search warrant affidavits that Detective

8    Willette prepared in May and June 2016 and which misstated and omitted material facts.  Detective

9    Willette's first three search warrant affidavits, which she submitted to at least three different courts,

10   including the King County Superior Court, were chiefly predicated on false information provided

11   by Jonathan Richardson of Sea Breeze Seafoods, a disgruntled non-Indian competitor of Plaintiffs

12   and personal friend of DFW biologist Donald Rothaus.  The warrants executed on June 13, 2016

13   were the first three of at least thirty-two warrants that Detective Willette obtained against Plaintiffs.

14       23.    DFW Detective Erik Olson participated in the search of Plaintiffs Anthony and

15   Nicole Paul's home on June 13, 2016.  Detective Olson is affiliated with Gravelly Beach Seafoods,

16   a non-Indian clam wholesaler that directly competes with Tribal Treaty fisherpersons and fish

17   buyers.  Detective Olson's family currently owns Gravelly Beach Seafoods.  DFW knows and has

18   approved of Detective Olson's outside businesses activities, despite the conflicts it raises with his

19   law enforcement duties.

20       24.    Starting in February and March 2016, Mr. Richardson and Mr. Rothaus conspired,

21   by telephone and text message, to concoct a story that Plaintiffs underpaid "six or eight" unnamed

22   Tulalip Tribal fisherpersons for crab, in late 2015 and early 2016.  Detective Willette failed to

23   properly investigate Mr. Richardson and Mr. Rothaus' lies and instead falsely asserted that

24   Plaintiffs had absconded with as much as $240,000 via underpayment to fellow Tulalip Tribal

25   THIRD AMENDED COMPLAINT - 7

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  members and fisherpersons and used those monies to launder other monies through PSSD.  Before

2  alleging those underpayments as an alleged basis for probable cause in each of those first three

3  search warrants, Defendants never inquired about the alleged underpayments with any co-

4  regulatory authorities, particularly the Tulalip Tribes or the Northwest Indian Fisheries

5  Commission.  After originally seeking to keep Mr. Richardson's identity secret as a "confidential

6  informant," DFW and Detective Willette have since recanted the underpayment and money

7  laundering lies that he, Mr. Rothaus, and Detective Willette told as the alleged basis for probable

8  cause in each of those three search warrants, but has not withdrawn any of those first three warrants

9  as required by law.

10      25.  Detective Willette's search warrant affidavits also cited PSSD's May 22, 2015,

11  purchase of 442 pounds of Treaty harvested crab, as a primary basis for obtaining the search

12  warrants.  The Tulalip Tribes has determined that PSSD's wholesale purchase of crab from a

13  Tulalip fisherperson was "a legal and agreed transaction."  Since alleging that purchase as a basis

14  for probable cause in each of those three search warrants, Defendants ignored evidence from the

15  Tulalip Tribes establishing that the purchase was legal.

16      26.  Also on June 13, 2016, various DFW officers searched Plaintiffs' homes, causing

17  their wives and young children a great deal of fear, embarrassment, and emotional distress.

18  Defendants purposefully conducted those unlawful searches in a very conspicuous and public

19  manner, involving emergency vehicles parked in front of, and numerous law enforcement

20  personnel swarming around, Plaintiffs' respective homes.  Defendants rifled through each house,

21  and seized Plaintiffs' personal property of Plaintiffs, including properties not authorized by the

22  search warrant.  DFW officers and agents did all of this in plain sight of Plaintiffs' young children.

23      27.  Among the items DFW officers and agents unlawfully seized from Plaintiff

24  Anthony Paul's home on June 13, 2016, was a safe.  Defendants subsequently destroyed that safe

25  THIRD AMENDED COMPLAINT - 8

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   and some of its contents by sawing it open.   Defendants also unlawfully seized two Apple

2   MacBook Pro laptops from Plaintiff Anthony Paul's home, at which time both laptops were in

3   working condition.   DFW later returned both laptops to Plaintiffs, but in a damaged condition,

4   with one laptop completely inoperable after Defendants removed its operating system to clone its

5   hard-drive.

6          28.     Defendants copied the hard-drives to Plaintiff Anthony Paul's Apple MacBook Pro

7   laptops.   On September 23, 2016, Detective Willette stored one of those copied hard-drives in a

8   previously used DFW evidence bag—which contained methamphetamine "crystals" and "powder"

9   from a completely unrelated DFW case.   According to DFW Lieutenant Paul Golden:

> Wendy called me and said we had a 'big big problem' and then told me she was
> packaging up a PSSD hardrive [sic] copies and heard a grinding noise in the
> evidence bag.   She opened the bag and found what appeared to be meth loose in the
> bottom of the bag.   She tested with a NIK kit and showed positive. . . Captain Myers
> . . . admonished her for testing the drug at the front desk.

> Captain Myers called later and told me [sic] had admonished Wendy for testing the
> drugs at the customer service area.   He had tried to get her to move to the back but
> she was not listening.

> My general impression was that Wendy was exposed to the drug due to the
> language she used.

In addition to behaving with racial animus towards Plaintiffs, DFW and Defendants have

demonstrated a remarkable level of ineptitude in carrying out purported law enforcement duties.

       29.     On June 22, 2016, Plaintiff Anthony Paul received a letter from DFW advising of

the agency's intent to have forfeited the U.S. currency, lawfully owned firearms, and other

personal property located in the safe seized from his residence.   Because DFW lacked legal

grounds to seek forfeiture of his personal property, Plaintiff was forced to hire legal counsel to

defend against DFW's threatened illegal forfeiture.

       30.     On July 27, 2016, Plaintiff Anthony Paul filed a Complaint for Writ of Replevin

for Return of Property in Thurston County Superior Court to require DFW to return the personal

THIRD AMENDED COMPLAINT - 9

1   property seized on June 13, 2016.  On August 8, 2016, Plaintiff Hazen Shopbell filed a Complaint

2   for Declaratory Judgment, Injunction, and Other Equitable Relief in Tulalip Tribal Court, also

3   seeking to require DFW to return the personal property seized on June 13, 2016. Realizing it

4   lacked a legal basis to forfeit Plaintiffs' property, DFW voluntarily returned some—but not all—

5   of the personal property illegally seized from Plaintiffs on June 13, 2016.  This infuriated

6   Defendants, in particular Detective Willette, and caused Defendants to intensify their

7   "investigation" of Plaintiffs.

8          31.    On August 15, 2016, DFW and Detective Willette seized and destroyed

9   approximately 1,185 pounds of Treaty-harvested clams used for crab bait that PSSD purchased

10  from Tribal fisherpersons and sold to other Tribal fisherpersons as bait for Treaty fishing, all of

11  which occurred within usual and accustomed Treaty fishing areas.  DFW and Detective Willette

12  destroyed Plaintiffs' property without judicial authorization or notice to Plaintiffs, depriving them

13  of their constitutional right to due process of law.  The crab bait clams were secured in a cold

14  storage facility located in Burlington, Washington.  Because the Treaty-harvested bait was not

15  subject to state regulation, and was not advertised or held for sale as shellfish intended for human

16  consumption, it was not subject to inspection for compliance with state or federal sanitation

17  regulations.   DFW and Detective Willette were either ignorant of this fact or completely

18  disregarded it in order to illegally seize and destroy Plaintiffs' property without due process of

19  law.

20         32.    Next, Detective Willette reported Plaintiffs to the Washington State Department of

21  Revenue ("DOR"), alleging that PSSD had not filed tax returns in connection with their Treaty-

22  protected fishing activities.  Plaintiffs' Treaty-protected fishing activities are, however, exempt

23  from taxation under well-established state and federal law—again, a fact that Detective Willette

24  completely disregarded in making false reports to DOR.

25  THIRD AMENDED COMPLAINT - 10

33.     Most appallingly, Detective Willette reported Plaintiff Anthony Paul and his wife Nicole Paul to the Washington State Department of Social and Health Services Child Protective Services ("CPS").  Detective Willette had falsely informed CPS that the Pauls' children were in danger.  Detective Willette's actions and lies caused CPS to visit and inspect Plaintiffs' residence, ostensibly to perform a welfare check of their children.  Fueled by Detective Willette's lies, CPS case managers invaded Plaintiffs' privacy, and subjected them to numerous demeaning and culturally insensitive comments.  CPS took no action against Plaintiffs because, simply, no reason existed to be concerned for their children's welfare.

34.     Underpinning Detective Willette's CPS referral and her other so-called law enforcement activities regarding Plaintiff Anthony Paul and his wife are sworn statements of hers that can only be described as racist.  In one of her many search warrant affidavits presented to the King County Superior Court, Detective Willette observed that the Pauls bought a house for their family on Lake Tapps; enjoy watching the Seahawks and attended their Super Bowl game; and shop at Nordstrom.  Detective Willette's "evidence" consists of her observation that Plaintiff Anthony Paul and his son have a "vast collection of Nike Air Jordan shoes" and Ms. Paul has "several designer hand bags in her closet, as well as numerous pairs of designer shoes."  Detective Willette's statements that, i.e., a Native American family has nice things, underscores -Defendants' racial animus towards Plaintiffs and Native Americans in general.

35.     Plaintiff Anthony Paul and his family were emotionally and financially distressed, and remain distressed, by Detective Willette's referral and CPS's visit and baseless investigation, having never previously been reported or investigated for alleged neglect or abuse of their children. Detective Willette's actions caused and continue to cause Plaintiff Anthony Paul and his family a great deal of fear, embarrassment, and emotional distress.

THIRD AMENDED COMPLAINT - 11

36.     On or about December 28, 2016, Plaintiffs learned that DFW and Detective Willette had obtained at least one new search warrant in November of 2016 from the King County Superior Court.  Subsequent investigation revealed that DFW and Detective Willette had obtained twenty-seven search warrants from the King County Superior Court on November 15, 2016 alone.  Each of those search warrants contained an illegal "gag-order," which stated that the recipient was "prohibited from disclosing the existence of the search warrant to the subjects and/or affiliates of this investigation or any other party."

37.     When Plaintiff Anthony Paul's tax preparer—an Australian citizen who is in America on a visa—innocently responded to Plaintiff Anthony Paul's inquiry about the whereabouts of his tax returns, by explaining that DFW seized those papers from his office, Detective Willette revisited the tax preparer to threaten him with criminal obstruction of justice prosecution and deportation from the Country.  Defendants' illegal search warrants were a part of Defendants' racially motivated, retaliatory scheme against Plaintiffs.

38.     As a result of DFW's secret warrants, which were directed to Plaintiffs' bankers, accountants, tax preparers and others possessing confidential financial information, financial institutions unilaterally closed certain of Plaintiffs' bank accounts—even Plaintiffs' young children's savings accounts—and credit cards.  The execution of Detective Willette's illegal search warrants also caused other existing or future business partners to not do business with Plaintiffs or their family members, and otherwise resulted in the loss of business opportunities.  Detective Willette's retaliatory search warrants caused Plaintiffs and their family embarrassment and emotional distress, in addition to economic damage.

39.     Detective Willette forewent advice from DFW's Assistant Attorneys General as she sought and executed what would total at least thirty-two search warrants against Plaintiffs in 2016 and 2017.   Instead, Detective Willette went so far as to engage in the unauthorized practice of

THIRD AMENDED COMPLAINT - 12

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  law.  For example, Detective Willette herself presented ex-parte motions to seal search warrants

2  pleadings to the King County Superior Court on November 15, 2016, and on March 15, 2017—all

3  without compliance with court rules pertaining to the sealing of public records or pleadings.  DFW

4  and Detective Willette also failed to provide notice of the presentation of the motion to extend the

5  original Sealing Order without compliance with the rules for sealing public records and pleadings.

6       40.     At the time of Detective Willette's court appearance on March 15, 2017, DFW and

7  Detective Willette knew that on January 18, 2017, Plaintiff Anthony Paul had filed a Petition for

8  Writ of Mandamus to the Washington Supreme Court requesting invalidation of the original

9  Sealing Order and provisions in the search warrants that prohibited recipients from discussing the

10 search warrants, and that on March 10, 2017, had filed a Complaint for Declaratory and Injunctive

11 Relief in the Snohomish County Superior Court challenging the original Sealing Order.  As a result

12 of DFW's and Detective Willette's actions, neither Plaintiffs, their counsel nor the public were

13 allowed to be present for the hearing to extend the original Sealing Order, which continued to

14 deprive Plaintiffs' of their constitutional rights.

15      41.     Throughout 2017 and into 2018, Detectives Willette and Olson "shopped" various

16 manufactured criminal charges against Plaintiffs to at least five state prosecuting attorney's

17 offices: King County, Snohomish County, Pierce County, Skagit County, and the Washington

18 State Attorney General.  In 2014, Detective Olson was rebuked by the King County Prosecutor's

19 Office for "direct filing" criminal charges in various courts in King County.  By 2018, King and

20 Snohomish Counties each declined to bring criminal charges against Plaintiffs despite referral

21 from Detectives Willette and Olson.

22      42.     On April 9, 2018, the Pierce County Prosecutor filed a criminal Information against

23 Plaintiff Anthony Paul at Detective Olson's request, regarding PSSD's purchase of the 442 pounds

24 of Treaty-harvested Dungeness crab.  Defendants rushed to the media and publicized the criminal

25 THIRD AMENDED COMPLAINT - 13

prosecution of Plaintiff Anthony Paul in order to embarrass him and his family.  But after realizing that the prosecution of that Treaty-protected activity violated a Memorandum of Understanding ("MOA") between DFW and the Tulalip Tribes, the Pierce County Prosecutor summarily caused the Information to be dismissed by the Pierce County Superior Court.  Detective Olson never told Pierce County about DFW's MOU with the Tulalip Tribes.  In a remarkable accusation towards both the Pierce County Prosecutor and Superior Court, Detectives Willette and Olson maintain that the dismissal was "politically   motivated" and obtained because "the Tulalip Tribe[s] paid . . . the Pierce County Prosecuting Attorney's Office, or funds them in some way." Detective Olson, in particular, aired Defendants' grievance against the Pierce County Prosecutor and Tulalip Tribes on KING 5 news and, in the process, further impugned Plaintiff Anthony Paul's business reputation.

43.     On June 14, 2018, Detective Willette caused the Skagit County Prosecutor to file a criminal Information against Plaintiffs, relative to the approximately 1,185 pounds of Treaty-harvested crab bait clams that PSSD purchased from within Tulalip usual and accustomed Treaty fishing areas, and resold within usual and accustomed Treaty fishing areas to Tribal fisherpersons for use as bait in Treaty fishing within usual and accustomed Treaty fishing areas.  Detective Willette also has testified to communicating with federal law enforcement to pursue other criminal charges against Plaintiffs.

44.     The unlawful arrests, searches, seizures, use of sealed search warrants and gag orders, and criminal prosecution referrals, by Detectives Willette and Olson other DFW officers and agents are part of an ongoing campaign of harassment against Plaintiffs that is ethnically and racially motivated.   In so doing, DFW officers and agents have deprived Plaintiffs, under color of state law, of rights, immunities and privileges guaranteed by both federal and state law.  In the course of a their racially and ethnically-motivated crusade against Plaintiffs, DFW and its agents

THIRD AMENDED COMPLAINT - 14

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    and officers have committed various and sundry torts upon and against Plaintiffs, causing them

2    economic injury, emotional distress, and bodily injury.

3         45.    The impropriety of Detectives Willette and Olson and Defendants' actions against

4    Plaintiffs are illustrated by the fact that since 2015, DFW officers and agents have requested,

5    obtained and executed no less than thirty-two search warrants against Plaintiffs in an effort to

6    justify their "investigation."  Detectives Willette and Olson and other DFW officers and agents

7    have relentlessly and successfully sought to criminally prosecute Plaintiffs—such prosecutions

8    arise from racial and ethnic animus and an intent to ruin Plaintiffs for exercising their constitutional

9    rights to challenge DFW's unlawful conduct through the courts and for exercising and defending

10   Treaty-protected fishing rights.

11        46.    Defendants have also breached Tulalip tribal sovereignty.  Before executing a

12   search warrant on Plaintiff Hazen Shopbell and Tia Anderson's home on the Tulalip Indian

13   Reservation on June 13, 2016, Detective Willette and Defendants deliberately refused to notify

14   necessary Tulalip Tribal authorities, particularly the Tulalip Tribes Board of Directors, of their

15   intent to enter the Reservation and search the Shopbell residence.  In a search warrant affidavit

16   presented to the King County Superior Court, Detective Willette declared: "*Due to concerns*

17   *regarding confidentiality, the Tulalip Tribal Council will not be contacted regarding this matter*

18   *until after service of the search warrant*" (emphasis in original).  Detective Willette testified in a

19   related Tulalip Tribal Court lawsuit that she had "confidentiality" concerns because "there were

20   Tribal Council elections going on."   But her explanation is belied by the fact that Tulalip Tribal

21   Council elections occurred three months prior—in March 2016.   The complete disregard for

22   Tulalip tribal sovereignty and regulatory authority, as demonstrated by the conduct of Defendants,

23   is further evidence of the ethnic and racial animus that they and DFW have directed towards

24   Plaintiffs.

25   THIRD AMENDED COMPLAINT - 15

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

47.     DFW has defended Defendants' outrageous and illegal actions as proper, including the acts perpetrated by Detectives Willette and Olson in particular.  DFW supervisors have failed to intervene and stop Detectives Willette and Olson and other DFW officers' blatant disregard for Plaintiffs' constitutional and Treaty-protected fishing rights.  DFW supervisors have refused to discipline Detectives Willette and Olson and other DFW officers and agents for their deprivation of Plaintiffs' constitutional rights, acts of racially-motivated retaliation, or even investigate their outrageous misconduct.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE IMPRISONMENT
### Against Defendants Jaros, Vincent, and Myers

48.     Plaintiffs hereby incorporate all prior allegations by reference.

49.      Defendants, individually and/or through their agents, violated Plaintiffs' civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely imprisoning them.

50.     As a result of Defendants' violation of Plaintiffs' civil rights, Plaintiffs have sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

### SECOND CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE ARREST
### Against Defendants Jaros, Vincent, and Myers

51.     Plaintiffs hereby incorporate all prior allegations by reference.

52.     Defendants, individually and/or through their agents, violated Plaintiffs' civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely arresting them.

THIRD AMENDED COMPLAINT - 16

53.     As a result of Defendants' violation of Plaintiffs' civil rights, Plaintiffs have sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

**THIRD CAUSE OF ACTION – 42 U.S.C. § 1988: CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS**
**Against Defendants Jaros, Vincent, and Myers**

54.     Plaintiffs hereby incorporate all prior allegations by reference.

55.     Defendants, acting in their individual capacities and under color of state law, conspired together and with others, and reached a mutual understanding to engage in a course of conduct and otherwise conspired among and between themselves, to deprive Plaintiffs of their constitutional rights, including their right to be free from unreasonable arrest and seizure, and to due process of law.  Defendants' conspiracies deprived Plaintiffs of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983.

56.     Defendants conspired to commit the overt acts set forth in the factual statements above.  The overt acts included the wrongful arrest and imprisonment of Plaintiffs, illegal searches of Plaintiffs' homes, unlawful seizure of Plaintiffs' property, vindictive actions against Plaintiffs in the courts and through administrative agencies, and preventing Plaintiffs from exercising their Treaty-protected fishing rights.  It also included the manufacture of knowingly false and unrealizable evidence in order to obtain no less than thirty-two search warrants regarding Plaintiffs.  The conspiracy was designed to prevent and punish Plaintiffs for exercising their Treaty-protected fishing rights and for confronting Defendants' illegal behavior in court.

57.     Defendants' conspiracy resulted in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

58.     Defendants' conspiracy and overt acts were continuing in nature and caused Plaintiffs constitutional deprivations, injuries, pain, suffering, mental anguish, humiliation, and loss of liberty, and income.

59.     Defendants shared the general conspiratorial objective, which was to cause the wrongful arrest and imprisonment of Plaintiffs, illegal searches of their homes, unlawful seizure of their property, and vindictive actions against Plaintiffs through the courts and administrative agencies, in order to prevent and punish Plaintiffs for exercising their Treaty-protected fishing rights and in retaliation for legal actions Plaintiffs took in response to DFW's ethically and racially motivated "investigation."

60.     The acts of Defendants were motivated by evil motive and intent, and involved a reckless and callous indifference to the Plaintiffs' federally protected rights.

## FOURTH CAUSE OF ACTION – NEGLIGENCE
### Against DFW

61.     Plaintiffs hereby incorporate all prior allegations by reference.

62.     At all times relevant herein, DFW was the employer of all individually-named Defendants and other law enforcement officers and agents mentioned herein (collectively "DFW officers").  At all times relevant times herein, all DFW officers were acting within the course and scope of their employment.  DFW is liable for the negligence of the DFW officers.

63.     The DFW officers, as law enforcement agents of DFW, possessed a duty to act as reasonable law enforcement officers under these circumstances.

64.     The DFW officers were acting as a law enforcement agents and agents of DFW when they committed the acts detailed in this Complaint.

65.     The DFW officers breached their duty to act as reasonable law enforcement officers by failing, neglecting and/or refusing to properly and fully discharge their responsibilities.

THIRD AMENDED COMPLAINT - 18

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

66.     As a proximate cause of the DFW officers' breach of their duty to act as reasonable law enforcement officers, Plaintiffs and their family have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulting in general damages for pain and suffering in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION: NEGLIGENT SUPERVISION AND TRAINING
### Against DFW

67.     Plaintiffs hereby incorporate all prior allegations by reference.

68.     Defendant DFW was responsible for training and supervising the DFW officers and possessed a duty to adequately train and supervise the DFW officers.

69.     Despite the fact that Defendant DFW knew or should have known that the DFW officers were engaged in the unlawful and outrageous conduct alleged herein, Defendant DFW failed to take reasonable actions to prevent the DFW officers from engaging in such conduct.

70.     Defendant DFW acted negligently by failing to adequately and properly train and supervise the DFW officers with respect to the discharge of their responsibilities and duties.

71.     By the actions alleged herein, Defendant DFW breached its duty to adequately and properly train and supervise the DFW officers, and to ensure that these Defendants were not engaging in conduct that posed a risk to and harmed others.

72.     As a direct and proximate cause of Defendant DFW's breach of its duty to adequately and property train and supervise the DFW officers, Plaintiffs and their families have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulting in general damages for pain and suffering in an amount to be proven at trial.

THIRD AMENDED COMPLAINT - 19

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## VII.   JURY DEMAND

Plaintiffs hereby demand a jury of their peers.  Plaintiffs will also file a separate jury demand in accordance with LR 38.

## VIII.   PRAYER FOR RELIEF

Damages have been suffered by Plaintiffs and to the extent any state law limitations on such damages are purposed to exist, they are inconsistent with the compensatory, remedial and/or punitive purposes of 42 U.S.C. § 1983,  and therefore  any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.

WHEREFORE, Plaintiffs request a judgment against all Defendants:

(a)     An appropriate remedy and award of general, special, and punitive damages, including damages for pain, suffering, terror, loss of consortium, and loss of familial relations, and loss of society and companionship under Washington State law and pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

(b)     Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(c)     Declaring Defendants jointly and severally liable;

(d)     Awarding compensatory damages for Plaintiffs' personal properties that

(e)     Awarding any and all applicable interest on the judgment; and

(f)     Awarding such other and further relief as the Court deems just and proper.

DATED this 29th day of September, 2020.

GALANDA BROADMAN, PLLC

s/Gabriel S. Galanda

Gabriel S. Galanda, WSBA #30331
s/Ryan D. Dreveskracht

Ryan D. Dreveskracht, WSBA # 42593
Attorneys for Plaintiffs

THIRD AMENDED COMPLAINT - 20

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: ryan@galandabroadman.com

THIRD AMENDED COMPLAINT - 21

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509