The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HAZEN SHOPBELL, et al., | NO. 2:18-cv-1758-BJR |
| Plaintiffs, | ANSWER TO THIRD AMENDED COMPLAINT |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, et al., | |
| Defendants. | |

Defendants, in answer to Plaintiffs' Third Amended Complaint, admit, deny, and allege as specified herein. Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendants specifically deny each and every allegation, statement, matter, and thing contained in the Third Amended Complaint including facts or allegations contained in Plaintiffs' headings or subheadings. Defendants respond to the numbered allegations in the Third Amended Complaint as follows:

## I. STATEMENT OF THE CASE

1.     Paragraph 1 states a legal conclusion to which no response is required. If a response is required, Defendants deny the allegations.

2.     Defendants deny the allegations in paragraph 2.

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

3.      Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 3 and, therefore, deny the same.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5, including subparts a–f.

6.      Defendants deny the allegations in paragraph 6.

## II.      PARTIES

**A.      PLAINTIFFS.**

7.      Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 7 and, therefore, deny the same.

8.      Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 8 and, therefore, deny the same.

**B.      DEFENDANTS.**

9.      Defendants admit the allegations in paragraph 9.

10.      Defendants admit the allegations in paragraph 10 to the extent that Defendant Jaros was employed as a DFW officer at all times relevant hereto. Defendants deny all other allegations contained in paragraph 10.

11.      Defendants admit the allegations in paragraph 11 to the extent that Defendant Vincent was employed as a DFW officer at all times relevant hereto. Defendants deny all other allegations contained in paragraph 11.

12.      Defendants admit the allegations in paragraph 12.

13.      Defendants deny the allegations in paragraph 13.

## III.      JURISDICTION AND VENUE

14.      Defendants admit the allegations in paragraph 14.

15.      Defendants deny the allegations in paragraph 15.

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

#### IV.    STATUTORY COMPLIANCE

16.    Defendant DFW admits that Plaintiffs Hazen Shopbell and Anthony Paul filed Standard Tort Claim Forms more than 30 days ago with the Department of Enterprise Services. Defendants deny all remaining allegations in paragraph 16.

#### V.    STATEMENT OF FACTS

17.    Defendants deny all allegations in paragraph 17.

18.    Defendants admit that Plaintiffs Anthony Paul and Hazen Shopbell owned and operated Puget Sound Seafood Distributors LLC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in second and third sentences of paragraph 18 and, therefore, deny the same. Defendants deny all remaining allegations in paragraph 18.

19.    Defendants deny all allegations in paragraph 19.

20.    Defendants deny all allegations in paragraph 20.

21.    Defendants deny all allegations in paragraph 21.

22.    Defendants deny all allegations in paragraph 22.

23.    Defendants admit that Detective Olson participated in the search of Plaintiffs Anthony and Nicole Paul's home on June 13, 2016. Defendants admit that certain members of Mr. Olson's family, other than Mr. Olson, are license holders of an entity entitled "Gravelly Beach Seafoods, LLC" .  Defendants deny all remaining allegations alleged in paragraph 23.

24.    Defendants deny all allegations in paragraph 24.

25.    Defendants deny all allegations in paragraph 25.

26.    Defendants admit a search was conducted on June 13, 2016 of Plaintiffs Hazen Shopbell's and Anthony Paul's homes. Defendants admit that Defendants legally seized property from Plaintiffs. Defendants deny all remaining allegations in paragraph 26.

27.    Defendants admit that DFW officers legally seized a safe from Plaintiffs Anthony Paul's home on June 13, 2016. Defendants admit that the safe was sawed open after Plaintiffs

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

refused to provide the combination at the request of Defendants. Defendants deny all remaining allegations in paragraph 27.

28.     Defendants admit that a small amount of methamphetamine residue was left in a general evidence bag, by an unknown DFW employee, which envelope Wendy Willette attempted to use to bag an external hard drive without prior knowledge of the presence of the residue. Defendants admit that Detective Willette requested a NIK kit from Caption Myers, and that Captain Myers remained present with Detective Willette during the test and that the test was positive. Defendants deny all remaining allegations in paragraph 28.

29.     Defendants admit they mailed a letter to Plaintiff Anthony Paul advising Plaintiff Paul of Defendants' intent to seize certain property items. Defendants deny all remaining allegations in paragraph 29.

30.     Defendants admit that Plaintiff Anthony Paul filed a Complaint for Writ of Replevin and For Return of Property on July 27, 2016, in Thurston County Superior Court. Defendants admit that Plaintiff Hazen Shopbell filed a Complaint for Declaratory Judgement, Injunction, and Other Equitable Relief on August 8, 2016, in Tulalip Tribal Court. Defendants admit that DFW returned non-essential evidence to Plaintiffs. Defendants deny all remaining allegations in paragraph 30.

31.     Defendants admit DFW legally seized approximately 1,185 pounds of illegal clams held by Plaintiffs. Defendants admit that DFW properly disposed of 1,185 pounds of illegal clams. Defendants deny all remaining allegations in paragraph 31.

32.     Defendants deny all allegations in paragraph 32.

33.     Defendants admit Detective Willette contacted Washington State Department of Social and Health Services Child Protective Services regarding Plaintiff Anthony Paul, his wife Nicole Paul and their children. Defendants deny all remaining allegations in paragraph 33.

34.     Defendants admit Detective Willette included comments such as Plaintiffs bought a house for their family on Lake Tapps, enjoy watching the Seahawks and attended their

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Super Bowl game, shop at Nordstrom, that Plaintiff Anthony Paul and his son have a "vast collection of Nike Air Jordan shoes," and Ms. Paul has "several designer hand bags in her closet, as well as numerous pairs of designer shoes." Defendants deny all further allegations in paragraph 34.

35.     Defendants deny all allegations in paragraph 35.

36.     Defendants admit that Detective Willette obtained lawful warrants from King County Superior Court and that the affidavit and warrants were sealed pursuant to a Court Order. Defendants deny all remaining allegations in paragraph 36.

37.     Defendants admit that Detective Willette advised Mr. McAleer that disobeying a Court Order could result in contempt of court. Defendants deny all remaining allegations in paragraph 37.

38.     Defendants deny all allegations in paragraph 38.

39.     Defendants admit that DFW served search warrants relating to the investigation of Plaintiffs in 2016 and 2017. Defendants admit that Detective Willette presented ex-parte motions to seal search warrants to the King County Superior Court on November 15, 2016 and March 15, 2017. Defendants deny all remaining allegations in paragraph 39.

40.     Defendants admit that Plaintiff Anthony Paul filed a Petition for Writ of Mandamus to the Washington Supreme Court on January 18, 2017. Defendants admit that Plaintiff Anthony Paul filed a Complaint for Declaratory and Injunctive Relief on March 10, 2017, in the Snohomish County Superior Court. Defendants deny all remaining allegations in paragraph 40.

41.     Defendants deny all allegations in paragraph 41.

42.     The allegations in the first sentence of paragraph 42 pertain to another entity not named in this Third Amended Complaint and, therefore, an answer is not required. If an answer is required, Defendants are without knowledge or information sufficient to form a belief about

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR                    5                    ATTORNEY GENERAL OF WASHINGTON
                                                                              Complex Litigation Division
                                                                              7141 Cleanwater Drive SW
                                                                              PO Box 40111
                                                                              Olympia, WA 98504-0111
                                                                              (360) 709-6470

1  the truth of the allegations and, therefore, deny. Defendants deny all remaining allegations in
2  paragraph 42.

3      43.    Defendants admit that Detective Willette participated in the Skagit County
4  Prosecutor's decision to file a criminal information against Plaintiffs Anthony Paul and Hazen
5  Shopbell and that Detective Willette testified that she had communicated with federal law
6  enforcement to pursue other criminal charges against Plaintiffs. Defendants deny all remaining
7  allegations in paragraph 43.

8      44.    Defendants deny all allegations on paragraph 44.

9      45.    Defendants admit that DFW requested, obtained, and executed search warrants
10 relating to the investigation of Plaintiffs Hazen Shopbell and Anthony Paul. Defendants deny all
11 remaining allegations in paragraph 45.

12     46.    Defendants admit the truth of the third sentence in paragraph 60. Defendants deny
13 all remaining allegations in paragraph 46.

14     47.    Defendants deny all allegations in paragraph 47.

15              **VI.    CLAIMS FOR RELIEF**

16 **FIRST CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE IMPRISONMENT**
   **Against Defendants Jaros, Vincent, and Myers**
17
18     48.    Defendants incorporate by reference their responses to all proceeding paragraphs.

     49.    Defendants deny all allegations in paragraph 49.
19
20     50.    Defendants deny all allegations in paragraph 50.

21 **SECOND CAUSE OF ACTION – 42 U.S.C. § 1983: FALSE ARREST**
   **Against Defendants Jaros, Vincent, and Myers**
22     51.    Defendants incorporate by reference their responses to all proceeding paragraphs.

23     52.    Defendants deny all allegations in paragraph 52.

24     53.    Defendants deny all allegations in paragraph 53.

25

26

ANSWER TO THIRD AMENDED                    6            ATTORNEY GENERAL OF WASHINGTON
COMPLAINT – NO. 2:18-cv-1758-BJR                              Complex Litigation Division
                                                              7141 Cleanwater Drive SW
                                                              PO Box 40111
                                                              Olympia, WA 98504-0111
                                                              (360) 709-6470

**THIRD CAUSE OF ACTION – 42 U.S.C. § 1988: CONSPIRANCY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS**
**Against Defendants Jaros, Vincent, and Myers**

54.     Defendants incorporate by reference their responses to all proceeding paragraphs.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny all allegations in paragraph 57.

58.     Defendants deny all allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

**FOURTH CAUSE OF ACTION – NEGLIGENCE**
**Against DFW**

61.     Defendants incorporate by reference their responses to all proceeding paragraphs.

62.     Defendants admit that all Defendants worked for DFW at certain periods of time and acted in the scope of their employment while doing so. Defendants deny all remaining allegations in paragraph 62.

63.     Defendants deny all allegations in paragraph 63.

64.     Defendants deny all allegations in paragraph 64.

65.     Defendants deny all allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

**FIFTH CAUSE OF ACTION: NEGLIGENT SUPERVISION AND TRAINING**
**Against DFW**

67.     Defendants incorporate by reference their responses to all proceeding paragraphs.

68.     Defendants deny all allegations in paragraph 68.

69.     Defendants deny all allegations in paragraph 69.

70.     Defendants deny all allegations in paragraph 70.

71.     Defendants deny all allegations in paragraph 71.

72.     Defendants deny all allegations in paragraph 72.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## VII.   JURY DEMAND

Plaintiffs' jury demand is a legal procedural request and does not call for an answer.

## VIII.   AFFIRMATIVE DEFENSES

By way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendants allege that all actions of the Defendants, herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

By way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, If Plaintiffs sustained any damage, the same was provoked by the conduct of Plaintiffs.

By way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, Defendants allege this action is barred by sovereign immunity and the State's waiver of sovereign immunity in RCW 4.92.090 does not apply in this action.

By way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, Defendants at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiffs' Amended Complaint.

By way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, Plaintiffs' claims are barred by the doctrine of qualified immunity.

By way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, If Plaintiffs suffered any damages, recovery therefor is barred by Plaintiffs' failure to mitigate said damages, if any, and failed to protect themselves from avoidable consequences.

By way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, Plaintiffs fail to state a claim upon which relief may be granted.

By way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, that this action is barred as provided by RCW 4.24.420 on the basis that the Plaintiffs were engaged in the commission of a felony or felonies at the time of their alleged injuries and the felony or felonies was or were a proximate cause of their alleged injuries.

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  By way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, to the extent

2  that the complaint is against any Defendant(s) in his/her/their official capacity, or against the State

3  of Washington, the Defendant(s) may possess 11th Amendment immunity.

4  By way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, Defendants

5  assert their actions were privileged and non-tortious.

6  By way of FURTHER ANSWER and ELEVENTH AFFIRMATIVE DEFENSE,

7  Plaintiffs' damages, if any, were caused by their own improper and/or unlawful activities, which

8  bar their right to recovery in this case, and/or the law of comparative fault applies.

9  By way of FURTHER ANSWER and TWELFTH AFFIRMATIVE DEFENSE, The

10  Complaint and each claim or parts thereof are barred by laches and other equitable and/or statutory

11  time limitations including applicable statutes of limitations.

12  By way of FURTHER ANSWER and THIRTEENTH AFFIRMATIVE DEFENSE, To the

13  extent that Plaintiffs' claims are alleged to or do arise from conduct determined to be a tort or torts,

14  Plaintiffs' claims are barred because one or more of the Plaintiffs have failed to properly file a claim

15  against the State of Washington as required by RCW 4.92.100 and 4.92 .110.

## IX.   DEFENDANTS' PRAYER FOR RELIEF

16

17  Defendants respectfully request relief as follows:

18  1.   Defendants deny that Plaintiffs are entitled to any relief requested in Section VIII,

19  a-f of the Third Amended Complaint.

20  2.   That the Third Amended Complaint be dismissed with prejudice and that no relief

21  be granted to Plaintiffs.

22  3.   For any award of cost or attorney's fees as authorized by law.

23  4.   For such other and further relief as the Court deems appropriate.

24

25

26

ANSWER TO THIRD AMENDED                            9                    ATTORNEY GENERAL OF WASHINGTON
COMPLAINT – NO. 2:18-cv-1758-BJR                                          Complex Litigation Division
                                                                          7141 Cleanwater Drive SW
                                                                          PO Box 40111
                                                                          Olympia, WA 98504-0111
                                                                          (360) 709-6470

1

## X.     RESERVATION OF RIGHTS

2

Defendants reserve the right to amend their answer by adding affirmative defenses,

3

cross-claims or other averments, as additional facts are obtained through discovery and further

4

investigation.

5

DATED this 12th day of November, 2020.

6

ROBERT W. FERGUSON
Attorney General

7

8

*/s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243

9

Senior Counsel
*Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

Gabriel S. Galanda
Bree R. Black Horse
Galanda Broadman, PPLC
P.O. Box 15146
Seattle, WA  98115
Gabe@galandabroadman.com
Bree@galandabroadman.com
Wendy@galandabroadman.com
*Attorneys for Plaintiffs*

DATED this 12th day of November, 2020, at Tumwater, Washington.

*s/ Eric A. Mentzer*
ERIC A. MENTZER, WSBA #21243
Senior Counsel

ANSWER TO THIRD AMENDED
COMPLAINT – NO. 2:18-cv-1758-BJR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470