The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HAZEN SHOPBELL, et al., | NO. 2:18-cv-1758-BJR |
| Plaintiffs, | JOINT PRETRIAL STATEMENT |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, et al., | |
| Defendants. | |

## I.     INTRODUCTION

The parties make this Joint Pretrial Statement pursuant to the Minute Order of December 16, 2019 (Dkt. #67) and Section VI. of the Standing Order for Civil Cases issued March 6, 2020 (Standing Order).

Plaintiffs: See Sections I and J, *infra*, regarding "items of disagreement." Dkt. # 25 at 8-9.

### A.     Statement of the Case

Plaintiffs: This is a civil case in which two Tulalip tribal members, Plaintiffs Hazen Shopell and Anthony Paul, bring claims against the Washington State Department of Fish and

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   Wildlife ("DFW") and its officers, Defendants Anthony Jaros, Shawnn Vincent, and Alan

2   Myers, as a result of the events occurring on the morning of June 13, 2016, and during DFW's

3   law enforcement investigation of Mr. Shopbell and Mr. Paul before and after that date.

4          Mr. Shopbell and Mr. Paul were arrested by officers Jaros, Vincent, and Myers at the

5   Everett Marina on June 13, 2016.  Starting at about 10:25 a.m., both men were arrested when

6   they were detained and their cell phones were seized and they were handcuffed, placed into the

7   back of locked DFW patrol vehicles, and transported to the Marysville Jail.  Amidst an admitted

8   miscommunication, they were released on their own recognizance by officers Jaros, Vincent,

9   and Myers by 12:10 p.m.   Plaintiffs' arrest was part of a multi-year law enforcement

10  investigation in which DFW and its officers behaved with racial animus and failed to act as

11  reasonable law enforcement officers.  Plaintiffs suffered income loss after their company Puget

12  Sound Seafood Distributors, LLC, went out of business in the wake of their arrest on June 13,

13  2016.  Mr. Shopbell and Mr. Paul each suffered emotional distress, anxiety, and humiliation.

14  Mr. Shopbell and Mr. Paul bring federal claims for false arrest and imprisonment and conspiracy

15  to violate their constitutional rights to be free from unreasonable arrest and seizure[1], as well as

16  state claims for negligence and negligent training and supervision.

17         Defendants: Defendants dispute the Plaintiffs' allegations and allege Plaintiffs' damages,

18  if any, are not recoverable because the arrests of the Plaintiffs were supported by probable cause

19  and the Defendants are entitled to qualified immunity in any event. Moreover, all officers within

20  the WDFW were properly trained and properly supervised when they acted in course of their

21  criminal investigation of Plaintiffs' actions here.

22

23

24  [1] As Plaintiffs observed in response to Defendants' pending summary judgment motion (Dkt. # 94 at 22 n.16),
Defendants did not previously seek dismissal of Plaintiffs' federal conspiracy claims, but it appears the Court
25  dismissed those claims against several originally named individual Defendants, including Det. Wendy Willette,
Lt. Paul Golden, and Chief Mike Cenci, *sua sponte*.  Dkt. # 74 at 18, 26. Det. Willette, Lt. Golden, and Chief
26  Cenci carried out the racially motivated, "you catch it, you clean it" investigatory scheme and should be renamed
as Defendants by this Court as to Plaintiffs' 42 U.S.C. 1985 claim. Dkt. # 95-11; Dkt. # 95-11 at 92.

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**B.      Stipulated Facts**

1.      Plaintiffs Hazen Shopbell and Anthony Paul are Tulalip tribal members.

2.      Mr. Shopbell and Mr. Paul were limited liability company members of Puget Sound Seafood Distributors, LLC ("PSSD"), in 2015 and 2016.

3.      PSSD was registered as a limited liability company with the Washington Secretary of State from 2013 to 2019.

4.      In 2014, 2015, and 2016, PSSD applied for fish dealer/buyer licenses and received fish dealer/buyer licenses from DFW for the years from March 12, 2014 through December 31, 2016.

5.      On March 9, 2015, Mr. Paul submitted an application for a Shellstock Shipper's License and a Shellstock Shipper Plan of Operation to the Washington State Department of Health ("DOH").

6.      On April 15, 2015, DOH inspected PSSD's facility at 2615 East N Street in Tacoma, Washington ("PSSD facility") and completed an Office of Shellfish & Water Protection Shellfish Form outlining several requirements necessary before licensing. The company failed to complete the application process and PSSD never received a Shellstock Shipper license.

7.      In 2015 and 2016, Defendants had in operation many Enforcement Program policies, which included, among many others, DFW Enforcement Program Regulation 5.00 "Constitutional Rights" and Regulation 5.43 "Referrals to Other Agencies."

8.      DFW investigated Mr. Shopbell and Mr. Paul for potential or alleged state shellfish trafficking and other crimes from 2015 to 2018.

9.      On March 1, 2016, DFW Detective Wendy Willette interviewed Jonathan Richardson by telephone.

10.     On May 13, 2016, Detective Willette obtained a warrant from the Thurston County Superior Court for search of (a) the PSSD facility, (b) Mr. Paul's home at 3607 197th

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Ave. Ct. E. in Lake Tapps, Washington ("Paul home"), and (c) Mr. Shopbell's home on Tulalip Indian Reservation trust land at 8213 21st Ave. NW, Apt. B., in Tulalip, Washington ("Shopbell home") ("Thurston County Superior Court Warrant").

11.     On May 13, 2016, Detective Willette emailed the Thurston County Superior Court Warrant to Defendants Anthony Jaros and Alan Myers.

12.     On June 7, 2016, Detective Willette obtained a warrant from the King County Superior Court for search of the (a) PSSD facility, (b) Paul home, and (c) Shopbell home ("King County Superior Court Warrant").

13.     On June 9, 2016, Detective Willette obtained a warrant from the Tulalip Tribal Court for search of the (a) PSSD facility, (b) Paul home, and (c) Shopbell home ("Tribal Court Warrant").

14.     Starting at 8:00 AM on June 13, 2016, Detective Willette lead in-person and telephonic briefings with DFW police officers, and federal and Tulalip tribal police officers regarding the search warrant operation that was scheduled to commence at the PSSD facility, and the Paul and Shopbell homes later that day. Those officers were gathered between DFW's offices in Mill Creek, Washington and in the Fife Police Department in Fife, Washington.

15.     Detective Willette made hard copies of the affidavits and the search warrants available at those briefings.

16.     By 10:15 AM on June 13, 2016, Defendants Jaros, Vincent, and Myers met with other DFW police officers and Tulalip tribal police officers for a second briefing, at the Tulalip Police Department, regarding the search warrant operation that was scheduled to occur at the Shopbell home later that day.

17.     By 10:30 AM on June 13, 2016, Mr. Shopbell and Mr. Paul were arrested and detained and had their cellular phones seized by Defendants Jaros, Vincent, and Myers at the Everett Marina.

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

18.     On June 14, 2016, Defendants Jaros and Vincent completed their respective Incident Reports regarding their involvement with the search warrant operation and arrest and detention of Mr. Shopbell and Mr. Paul on June 13, 2016.

19.     On August 29, 2016, Defendant Myers filed his Incident Report regarding his involvement with the search warrant operation and arrest and detention of Mr. Shopbell and Mr. Paul on June 13, 2016.

**C.      Designation of Depositions and Objections Thereto**

Without waiving any rights to revise, including any right to add deposition designations, at this time, the Parties do not intend to offer deposition transcripts as specified in LCR 32(e), aside from deposition excerpts offered solely for impeachment of witnesses.

**D.      Itemization of Damages and Summary of Other Relief Requested**

Plaintiffs intend to pursue the first through fifth causes of action as set forth in Plaintiffs' Third Amended Complaint as set forth more specifically below.  Dkt. # 81.  Relief sought pursuant to Plaintiffs' false imprisonment, false arrest, conspiracy to violate Plaintiffs' Constitutional rights, common law negligence, and negligent supervision claims includes the relief requested in Plaintiffs' Third Amended Complaint, to wit: general, special, and punitive damages, an award of attorneys' fees and costs, any and all applicable interest available on the judgement, declaratory relief holding Defendants jointly and severally liable, and any further relief the Court and/or the jury deems just and proper. *Id.* at 20.

**E.      Summary of Pending Motions *in Limine* and Opposition Thereto**

Plaintiffs have filed two Motions in *Limine*:

(1) To prevent Defendants' police practices expert from testifying about: (a) the state shellfish enforcement investigation opinions contained in Opinion Nos. 1 and 6 of his report (Dkt. # 100-1); (b) the racial bias or animus opinions contained in Opinions No. 9 of his report; and (c) any opinion not contained in his report.

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

(2) To prevent Defendants from offering any evidence, testimony, comment, or argument concerning Plaintiffs' other or prior convictions.

Defendants will file an opposition to all aspects of those motions and demonstrate their expert is fully qualified to offer all opinions as outlined in his report.

**F.      Settlement Negotiations**

Plaintiffs: Pursuant to Section V of the Standing Order, Plaintiffs previously broached the possibility of settlement dialogue or alternative dispute resolution on at least three occasions, including on September 23, 2020, November 12, 2020, and January 22, 2021, but Defendants were not yet ready to engage in settlement negotiations.

Defendants: The parties have not started settlement negotiations but recognize the utility of such negotiations following the Court's ruling on Defendants' pending dispositive motion.

Parties: This morning the parties tentatively scheduled mediation for March 4, 2021, which is dependent on the Court's ruling on Defendants' pending motion for summary judgement and the availability of the parties' agreed upon mediator.

**G.      Updated Estimate of Length of Trial**

The parties estimate that ten trial days will be feasible for trial in this matter absent any possible delays that may result from the COVID-19 pandemic.

**H.      Schedule of Witnesses, Summary of Expected Testimony and Any Objections Thereto [Exhibit A]**

See Exhibit A

**I.       List of Exhibits and Any Objections Thereto [Exhibit B]**

See Exhibit B

Plaintiffs: Heeding the Standing Order's admonishment that "the parties . . . reach an agreement on all issues" and call "items of disagreement" to the Court's attention, Plaintiffs have

NO. 2:18-cv-1758-BJR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    worked diligently to meet and confer with Defendants regarding Plaintiff, Defendant, and Joint

2    Exhibits. Dkt. # 25 at 8-9.

3        Plaintiffs first provided Defendants with Plaintiffs' proposed exhibit list, setting forth

4    Exhibit P1-58, and exhibits P1-58, on February 1, 2021 as promised. Having diligently prepared

5    their case for trial, Plaintiffs have not since proposed any new P exhibits.

6

7        Defendants originally promised to disclose their exhibits by January 29, 2021, but did

8    not do so until February 3 and 4, 2021.  They disclosed D1-46, the lion's share of which Plaintiffs

9    stipulated to as admissible.  Defendants proposed six new unmarked D exhibits (i.e., D47-52)-

10   on February 12, 2021, to which Plaintiffs' immediately stipulated as admissible. This morning

11   Defendants proposed ten more new unmarked D exhibits (i.e., D53-62).  As such, Plaintiffs

12   cannot yet reach agreement on their admissibility.  Defendants have not diligently prepared their

13   case for trial.

14

15       Defendants' response: Also heeding the Court's standing order to come to agreement on

16   as many issues as the parties can, Defendants have withdrawn many of their initial objections to

17   Plaintiffs' proposed exhibits. Moreover, as the jury instructions have become more refined

18   Defendants have proposed additional exhibits they believed may be necessary for their case-in-

19   chief. Those additional exhibits are, at most, sixteen in number and all are straightforward

20   documents already in the possession of Plaintiffs through discovery, the underlying criminal

21   case, or Plaintiffs' public records requests.

22

23   **J.     Proposed Jury Instructions [Exhibit C]**

24       See Exhibit C.

25

26

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiffs: Pursuant to the Standing Order, Plaintiffs have also worked diligently to meet and confer with Defendants regarding a set of draft jury instructions—principally taken from the U.S. Court of Appeals for the Ninth Circuit Manual of Model Civil Jury Instructions with the remainder based on Washington State Civil Pattern Jury Instructions.  Plaintiffs first provided Defendants with Plaintiffs' proposed jury instructions along these lines on February 8, 2021, allowing Defendants a week to work with Plaintiffs' instructions.  Defendants responded, per the parties' agreement after conferral, with comments on February 11, 2021.  But Defendants at that point offered no proposed instructions of their own, and minimal commentary or conclusory objections to Plaintiffs' proposed instructions.  Despite Plaintiffs pressing Defendants for suggested revisions to Plaintiffs' proposed instructions—most recently on Friday night, February 12, 2021—Defendants have not endeavored to negotiate the language to Plaintiffs' proposed instructions as required by the Standing Order.  Dkt. # 25 at 13.

As to Defendants' instructions, Defendants first supplied their draft jury instructions on Friday evening, February 12, 2021, at 6:07 p.m., less than a business day before the due date for filing this joint statement.  On the morning of February 16, 2021—the date the parties were required to file this joint statement—Defendants added a new instruction on the collective knowledge doctrine.  Then in the afternoon of February 16, 2021, Defendants added approximately 20 new instructions, arguing they were responding to Plaintiffs' objections on reading three statutes verbatim to the jury as opposed to simplifying the elements of the criminal laws Defendants contend they had probable cause supporting their arrest of Plaintiffs.

Although Plaintiffs have attempted to work diligently to honor this Court's directive requiring counsel "[t]o the maximum extent possible" work to "agree on one stipulated set of proposed jury instructions," Dkt. # 25 at 13, Plaintiffs have not been left with adequate time to address several of Defendants' proposed instructions, many of which are not derived from

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

pattern jury instructions, and several of which offer commentary and argument citing case law in support of Defendants' affirmative defenses.

Plaintiffs therefore respectfully request one week from the filing of this Joint Pretrial Statement to submit by February 23, 2021, briefing and/or alternative instructions on Defendants' proposed jury instructions

Defendants' Response: Defendants do not oppose Plaintiffs' request for additional time to address Defendants' proposed jury instructions. However, Defendants disagree that they have done anything in bad faith in producing those instructions to Plaintiffs. Defendants' instructions, while stemming from the Model Instructions, are necessarily products outside the parameters of what the model instructions can provide. For instance, Model Instruction 9.23 calls for the elements of the crimes for which probable cause may have existed to justify Plaintiffs' arrests or the reasonableness of the officers' actions. Those elements are not and cannot come from the model statutes, but must come from the state statutes. Defendants have supplied those to Plaintiffs as Defendants' proposed jury instructions.

**K.**      **Proposed Verdict Forms**

### VERDICT FORM A (SHOPBELL)

1.      Do you find that any of the individual Defendants violated plaintiff Hazen Shopbell's Constitutional rights by falsely arresting or falsely imprisoning Mr. Shopbell, or by conspiring to violate Mr. Shopbell's Constitutional rights?

**False Arrest**

| | | |
|---|---|---|
| Defendant Jaros | ____ Yes | ____ No |
| Defendant Vincent | ____ Yes | ____ No |
| Defendant Myers | ____ Yes | ____ No |

**False Imprisonment**

| | | |
|---|---|---|
| Defendant Jaros | ____ Yes | ____ No |
| Defendant Vincent | ____ Yes | ____ No |

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

| | | |
|---|---|---|
| Defendant Myers | ____ Yes ____ No | |

**Conspiracy**

| | | |
|---|---|---|
| Defendant Jaros | ____ Yes ____ No | |
| Defendant Vincent | ____ Yes ____ No | |
| Defendant Myers | ____ Yes ____ No | |

If you answered NO to all, please proceed to question (6) below.

If you answered YES to any, please proceed to questions (2), (3), (4) and (5) for the Defendants.

2.      Do you find that Plaintiff Shopbell has proven he suffered any actual damages as a result of the individual Defendants' actions?

___ Yes        ___ No

If your answer is YES, please enter the amount here.

$_____

3.      If you answered YES to question (1), but did not assign any actual damages in question (2), you may award nominal damages of up to One Dollar ($1.00) against the Defendants.  Please enter the amount, if any, of nominal damages below.

$_____

4.      If you have found for Plaintiff Hazen Shopbell and against the individual Defendants, then you must consider whether Plaintiff is entitled to an award of punitive damages. Do you find that Plaintiff is entitled to punitive damages against the Defendants?

___ Yes        ___ No

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

5.      If you have found Plaintiff Hazen Shopbell is entitled to an award of punitive damages, please enter the amount of such damages.

$_____

6.      Do you find that Defendant Washington State Department of Fish and Wildlife was negligent or negligently supervised the individual Defendants and that such negligence proximately caused Plaintiff Hazen Shopbell's damages?

Negligence                    ___ Yes        ___ No

Negligent Supervision        ___ Yes        ___ No

If you answered NO, you have completed your deliberations  as to Plaintiff Shopbell and your foreperson should date and sign the verdict form below.

7.      Do you find that Plaintiff Shopbell has proven he suffered any actual damages as a result of the Defendant DFW's actions?

___ Yes        ___ No

If your answer is YES, please enter the amount here.

$_____

When you have completed your deliberations, your foreperson should date and sign the verdict form below.

DATED this ____ day of _____, 2021.

_____
PRESIDING JUROR

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1

2

**VERDICT FORM B (PAUL)**

3

     1.     Do you find that any of the individual Defendants violated plaintiff Anthony

4

Paul's Constitutional rights by falsely arresting or falsely imprisoning Mr. Paul, or by conspiring

5

to violate Mr. Paul's Constitutional rights?

6

**<u>False Arrest</u>**

7

Defendant Jaros                ____ Yes ____ No
Defendant Vincent           ____ Yes ____ No

8

Defendant Myers            ____ Yes ____ No

9

**<u>False Imprisonment</u>**

10

Defendant Jaros                ____ Yes ____ No
Defendant Vincent           ____ Yes ____ No

11

Defendant Myers            ____ Yes ____ No

12

**Conspiracy**

13

Defendant Jaros                ____ Yes ____ No
Defendant Vincent           ____ Yes ____ No

14

Defendant Myers            ____ Yes ____ No

15

If you answered NO to all, please proceed to question (6) below.

16

If you answered YES to any, please proceed to questions (2), (3), (4) and (5) for the

17

Defendants.

18

19

     2.     Do you find that Plaintiff Paul has proven he suffered any actual damages as a

20

result of the individual Defendants' actions?

21

22

___ Yes        ___ No

23

24

If your answer is YES, please enter the amount here.

25

$_____

26

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

3.     If you answered YES to question (1), but did not assign any actual damages in question (2), you may award nominal damages of up to One Dollar ($1.00) against the Defendants.  Please enter the amount, if any, of nominal damages below.

$_____

4.     If you have found for Plaintiff Anthony Paul and against the individual Defendants, then you must consider whether Plaintiff is entitled to an award of punitive damages. Do you find that Plaintiff is entitled to punitive damages against the Defendants?

___ Yes        ___ No

5.     If you have found Plaintiff Anthony Paul is entitled to an award of punitive damages, please enter the amount of such damages.

$_____

6.     Do you find that Defendant Washington State Department of Fish and Wildlife ("DFW") was negligent or negligently supervised the individual Defendants and that such negligence proximately caused Plaintiff Anthony Paul's damages?

Negligence                     ___ Yes        ___ No

Negligent Supervision          ___ Yes        ___ No

If you answered NO to all, you have completed your deliberations as to Plaintiff Shopbell and your foreperson should date and sign the verdict form below.

If you answered YES to any as to Defendant DFW, please proceed to question (7).

7.     Do you find that Plaintiff Paul has proven he suffered any actual damages as a result of the Defendant DFW's actions?

___ Yes        ___ No

If your answer is YES, please enter the amount here.

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1 $_____

2       When you have completed your deliberations, your foreperson should date and sign the

3 verdict form below.

4       DATED this _____ day of _____, 2021.

5

6

7                             _____

                                         PRESIDING JUROR

8

9 **L.**      **Proposed Voir Dire Questions**

10       Pursuant to Section VIII, Part D of the Standing Order, the parties propose the following

11 voir dire questions for the Court to pose to the jury:

12       1.      Have you ever been an employee or vendor of with the State of Washington or

13 its Department of Fish and Wildlife?

14

15       2.      Has any member of your family ever been an employee or vendor of with the

16 State of Washington or its Department of Fish and Wildlife?

17       3.      Has any non-member of your family who you are close with ever been an

18 employee or vendor of with the State of Washington or its Department of Fish and Wildlife?

19

20       4.      Have you ever worked in law enforcement?

21       5.      Has any member of your family ever worked in law enforcement?

22

23       6.      Has any non-member of your family who you are close with ever worked in law

24 enforcement?

25       7.      Have you ever served in the military?

26

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

8.      Has any member of your family ever served in the military?

9.      Has any non-member of your family who you are close with ever served in the military?

10.     Do you have any connection to anybody in the judicial system?

11.     Do any of your family members have any connection to anybody in the judicial system?

12.     Are you a member of any trade union or guild?

13.     Are any of your family members a member of any trade union or guild?

14.     Have you ever obtained a State of Washington commercial or recreational fishing or shellfishing license?

15.     Have you ever engaged in commercial fishing or shellfishing?

16.     Has any member of your family ever engaged in commercial fishing or shellfishing?

17.     Has any non-member of your family who you are close with ever engaged in commercial fishing or shellfishing?

18.     Do any of you have particularly strong feelings, positive or negative, about Native American Treaty rights?

19.     Do any of you have particularly strong feelings, positive or negative, about Native American fishing or hunting rights?

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

20.     Do any of you have particularly strong feelings, positive or negative, about Native American federal or state tax exemption?

21.     Do any of you have particularly strong feelings, positive or negative, about the legalization of marijuana?

22.     Have you ever had police or other authorities refer or investigate a claim of child neglect or abuse?

23.     Has any member of your family ever had police or other authorities refer or investigate a claim of child neglect or abuse?

24.     Do you feel that a police officer who takes the stand in uniform should automatically be assumed to be credible?

25.     Would you give more weight to the testimony of a police officer versus that of another witness?

26.     Do you feel that a person charged with a crime is entitled to be presume innocent until proven guilty?

27.     Do you feel that when a person is charged with a crime it is generally justified or unjustified?

28.     Have you ever been accused of a crime, whether rightly or wrongly?

29.     Has any member of your family ever been accused of a crime, whether rightly or wrongly?

30.     Has any non-member of your family who you are close with ever been accused

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

of a crime, whether rightly or wrongly?

31.     Have you ever been arrested or convicted of a crime?

32.     Has any member of your family ever been arrested or convicted of a crime?

33.     Has any non-member of your family who you are close with ever been arrested or convicted of a crime?

34.     Do any of you have particularly strong feelings, positive or negative, about law enforcement departments or officers in general?

35.     Do any of you have particularly strong feelings, positive or negative, about the State of Washington or its Department of Fish and Wildlife?

36.     Have you ever had any particularly good experiences with law enforcement officers?

37.     Has any member of your family ever had any particularly good experiences with law enforcement officers?

38.     Has any non-member of your family who you are close with ever had any particularly good experiences with law enforcement officers?

39.     Have you ever had any particularly bad experiences with law enforcement officers?

40.     Has any member of your family ever had any particularly bad experiences with law enforcement officers?

41.     Has any non-member of your family who you are close with ever had any

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

particularly bad experiences with law enforcement officers?

42.    Do you have any strong feelings or beliefs about the degree of certainty an officer should have before he or she may detain or arrest a potential criminal suspect?

43.    Do any of you have strong feelings or beliefs regarding the role of government in everyday life, and particularly the extent of governmental interaction in citizens' everyday lives?

44.    Do any of you have strong feelings, beliefs, prejudices, or experiences that would affect your ability to be a fair and impartial juror?

Pursuant to Section VIII, Part D of the Standing Order, the parties propose the following voir dire questions for Plaintiffs and Defendants to ask jurors for ten minutes each:

1.    What do you think of when you hear the phrase "blue lives matter"?

2.    Have you ever expressed an opinion about police misconduct?

3.    Have you ever expressed on opinion about whether police officers treat persons of all races equally and fairly?

4.    Have you heard the phrase "implicit bias" and what does that phrase mean to you?

5.    Have you ever expressed an opinion about Native American Treaty or fishing rights?

6.    Would you have any problems including money in your verdict for the injuries that occurred in this case?

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a

JOINT PRETRIAL STATEMENT --
NO. 2:18-cv-1758-BJR

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   subsequent order. This order shall not be amended except by order of the court pursuant to

2   agreement of the parties or to prevent manifest injustice.

3      DATED this 16th day of February, 2021.

4   ROBERT W. FERGUSON                    GALANDA BROADMAN, PLLC
    Attorney General
5
    /s/ Eric A. Mentzer                   /s/ Gabriel S. Galanda
6   ERIC A. MENTZER, WSBA #21243          GABRIEL S. GALANDA, WSBA #30331
    Senior Counsel                        Attorney at Law
7   *Attorneys for Defendants*            *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT PRETRIAL STATEMENT --              19        ATTORNEY GENERAL OF WASHINGTON
NO. 2:18-cv-1758-BJR                                      Complex Litigation Division
                                                            7141 Cleanwater Drive SW
                                                                 PO Box 40111
                                                            Olympia, WA 98504-0111
                                                               (360) 709-6470